### BACON *against* HUNTINGTON and others.

A being indebted to *B* in the sum of 1500 dollars, gave to *B* two promissory notes, one for 1000 dollars, and the other for 500 dollars, and, at the same time, executed two mortgages, one of *White-acre*, to secure the former note, and one of *Black-acre*, to secure the latter note.   Some time afterwards, *A* and *C* entered into a written contract, by which *C* agreed to purchase *White-acre* of *A*, and to pay him for it 500 dollars, and also to pay all prior incumbrances thereon, not exceeding in amount the sum of 1500 dollars.   In fulfilment of this contract, *C* paid the 500 dollars to *A*, and *A* thereupon executed a warranty deed to *C*, by which he conveyed *White-acre* to him, subject to the

payment by *C* of 1500 dollars, with interest, to *B*, on *A's* notes and mortgages to *B*. *C* afterwards conveyed his interest under this deed, to *D*, his son. On a bill of foreclosure brought by *A* against *C* and *D*, stating these facts, it was held, on a demurrer to the bill, 1. that upon a just construction of the deed from *A* to *C*, this was a *conditional grant*, it being the intention of the parties to make the continuance of the estate conveyed to depend upon the payment, by *C*, of the amount due on the two notes held by *B* against *A ;* 2. that the interest taken by *C*, under his deed from *A*, being a conditional estate, no greater or different interest passed, by his conveyance to *D ;* 3. that as compensation could be made for a failure of performance by the time stipulated, the deed from *A* to *B* was to be treated as a mortgage, and a decree of foreclosure was the proper remedy ; 4. that as the sole object of the bill was to foreclose the defendants, and all the material allegations conduced to shew a case proper for that kind of relief, the bill was not exceptionable on the ground of multifariousness ; 5. that as *B* had no interest, which could be, or was sought to be, affected by the decree, it was not necessary to make him a party to the bill.

*Middlesex,*
July, 1840.

Bacon
*v.*
Huntington.

THIS was a bill in chancery for a foreclosure and other relief.

The material facts stated in the bill, on which the principal question arises, are these.   On the 30th of *April*, 1833, *John Bacon* gave to the *Middletown Savings Bank*, his two several promissory notes, of that date, one for 1000, and the other for 500 dollars, each payable six months from date, with interest ; and on the same day, he mortgaged to said bank, by several deeds, two pieces of land, one called the *Sage* place, for the security of the first note, and the other, called the *Main-street* place, for the security of the other note ; on both of which notes *Bacon* paid, from time to time, the interest, to *May* 1, 1836.   On the 1st of *January*, 1836, a contract in writing was entered into between *Bacon* and *Selden Huntington*, one of the defendants, by which the latter agreed to purchase the *Sage* place, and pay *Bacon* for it 500 dollars, on or before the 1st of *May*, 1836, and also to pay all prior incumbrances thereon, not exceeding in amount the sum of 1500 dollars, (the amount of said two notes to the *Savings Bank*,) meaning, as the bill alleges, in addition to said 500 dollars ; when *Bacon* was to execute to *Huntington* a conveyance of the *Sage* place.   On the 12th of *April*, 1836, *Bacon*, having received from *Huntington* said 500 dollars, executed to *Huntington* a warranty deed, of that date, by which, for the nominal consideration of 500 dollars, he conveyed to him the *Sage* place, " subject to the payment, by said *Huntington*, of 1500 dollars, with interest thereon from the 1st day of *May*, 1836,

*Middlesex,*
July, 1840.

Bacon
*v.*
Huntington.

to the *Middletown Savings Bank,* on his (said *Bacon's*) notes of hand and mortgages to said bank; which sum of 500 dollars was paid, and said deed given and accepted, in fulfilment of said contract. In this deed there was a clause that 500 of said 1500 dollars, so secured by said mortgages, was to be paid by *Huntington,* within one year from the date of such deed. *Huntington,* at the same time, agreed to procure, within a reasonable time, a release of said mortgages, to pay said notes and save *Bacon* harmless therefrom. *Huntington* subsequently conveyed, by separate deeds, executed at different times, to each of his minor children, *Joseph S. Huntington* and *Emily S. Huntington,* an equal undivided half of the *Sage* place.

*John Bacon* died in the *Spring* of 1837; and the present bill was brought by *Martha Bacon,* his administratrix. *Selden Huntington* and his two children above-mentioned, were made defendants.

To this bill the defendants demurred; and the case was thereupon reserved for the advice of this court.

*McCurdy,* in support of the demurrer, contended, 1. That *Bacon's* deed to *Selden Huntington,* by a fair construction, merely gave notice of the incumbrances then existing, and did not create any new incumbrance. Consequently, *Joseph* and *Emily,* who are *bona fide* purchasers, without notice of any incumbrance, except what appears from *Bacon's* deed to the *Savings Bank,* and his deed to *Selden Huntington,* are entitled to hold the premises subject to such original incumbrances only.

2. That if such is not the construction of the deed, it creates either an estate on condition, or a trust, or a mortgage. First, if an estate on condition, then the condition not having been complied with, the title reverts to the grantor, and he has his remedy at law. *Wheeler* & ux. v. *Walker,* 2 *Conn. Rep.* 196. Secondly, if a trust for the payment of debts, then the trustee may sell the estate, and the purchaser holds it free. 2 *Sw. Dig.* 114. 6 *Ves. jr.* 654. n. Thirdly, if a mortgage, then the plaintiff, as mortgagee, can claim nothing until she has paid the debts. *Shepard* v. *Shepard* & al. 6 *Conn. Rep.* 37.

3. That as against *Selden Huntington*, the remedy is at law on the agreement.

4. That the bill was bad for multifariousness. *Coop. Eq. Pl.* 182. & seq.

5. That the *Savings Bank*, having an interest in the subject, should have been joined.

*Hungerford* and *Wightman*, contra, contended, 1. That the conveyance from *Bacon* to *Selden Huntington* was a *conditional* grant; *i.e.* the estate granted was, by the terms of the grant, to be defeated, if the grantee did not pay the two notes given by *Bacon* to the *Savings Bank*.

2. That as the grantee had failed to make such payment, he had only an equitable interest left, which was a proper subject of foreclosure.

3. That if otherwise, the vendor has a lien on the land for the purchase money unpaid, which may be enforced, by a suitable decree under this bill. *Garson* v. *Green* & al. 1 *Johns. Ch. Rep.* 308. 4 *Kent's Com.* 152. and n. *d.* And so against a purchaser of the vendee with notice. *Watson* v. *Wells*, 5 *Conn. Rep.* 468. *Meigs* & al. v. *Dimock*, 6 *Conn. Rep.* 458.

4. That the record of the deed from *Bacon* to *Selden Huntington* furnished sufficient notice to the purchasers in this case. *Booth* v. *Barnum*, 9 *Conn. Rep.* 286. [Numerous other cases to the same effect, were minuted on the brief.]

5. That the bill was not multifarious.

6. That the case did not require the *Middletown Savings Bank* to be made a party.

STORRS, J. This being a bill for a foreclosure, brought to compel payment, by the defendants, of the notes given to the *Savings Bank*, the main inquiry is, whether the conveyance from *Bacon* to *Selden Huntington* is a conditional deed; and that depends upon the construction which is to be given to the peculiar phraseology used in the deed.

It is contended, in the first place, by the defendants, that the effect of the language used, in reference to the mortgages previously executed by *Bacon*, is merely to give notice, and guard against the effect, of the incumbrances therein mentioned, and not to create a new incumbrance; while the

*Middlesex,*
July, 1840.

Bacon
*v.*
Huntington.

plaintiff insists, that it creates a qualification or restriction to the conveyance, by which it is to be defeated, on a non-compliance with the terms to which it is expressed to be subject.

It is a cardinal principle, in the construction of all written instruments, that the intention of the parties, as apparent upon the whole instrument, is to be carried into effect, if consistent with the rules of law. In accordance with this rule, a different construction has been given, by courts, to the same expressions, where the apparent intention of the parties, and the object of the instrument, require it. Thus, the same words have been construed to create a condition, or limitation, or covenant, as the sense of the parties appears to require. No precise technical words are required in a deed, in order to make a stipulation a condition, whether precedent or subsequent. The words *on condition, provided, ita quod, paying, si,* and various others, have been held sufficient for this purpose ; and indeed any terms will have the same effect, where the nature of the transaction indicates that it was the intention of the parties that the estate granted should commence, or be enlarged, or defeated, on the happening or not happening of the event mentioned.

On examining the deed in question, by these plain and familiar principles, it is impossible to doubt that it was the intention of the parties, to make the continuance of the estate conveyed, to depend on the payment, by the grantee, of the amount due on the two notes held by the *Savings Bank.* The grant is expressed to be "subject to the payment by said *Huntington* [the grantee] of 1500 dollars, with interest thereon from the 1st day of *May,* 1836, to the *Middletown Savings Bank* aforesaid, in his, the said *John Bacon's,* notes of hand and mortgages to said bank as aforesaid." It is not merely stated to be subject to the *mortgage* executed on said property, to said bank, by the grantor, which would be the most natural, proper and usual phraseology, if the intention had been only to give notice of that incumbrance, or to save himself from liability on the covenants subsequently inserted in the deed. But it is subject to the *payment* of a certain sum of money : that payment, it is stated, is to be made by the *grantee,* and on the notes and mortgages executed previously by said grantor to said bank ; as if to shew, beyond all doubt, that the payment was not to be made by the grantor, who

*Middlesex,*
July, 1840.

Bacon
*v.*
Huntington.

was primarily liable to the bank; and that it was also to be made for the benefit of said grantor, by relieving his other mortgaged property from the incumbrance created on it by one of said notes. For, it will be observed, that there was only one mortgage on the premises conveyed to *Huntington,* and that was to secure only one of said notes: the other note was secured by another mortgage of a distinct piece of land. No reason whatever can be assigned why a conveyance should thus be made of one of these two several pieces of land, subject, not only to the note and mortgage resting on that piece of land, but to another note and mortgage resting on another piece entirely distinct, with which the former was not affected nor encumbered, and with which it had no connexion, unless it was the intention of the parties so to restrict and qualify the grant that the estate should be defeated, if payment should not thus be made. It is also to be observed, that the amount, which it is provided shall be paid by the grantee, is much greater than the sum which was due on the claim for which the land had been previously mortgaged; and that it is further provided, in the deed, that a specified part of the said 1500 dollars "so secured by said mortgages," to wit, 500 dollars, was to be paid by the grantee, within one year from the date of the deed; whereas the debt to the bank, and which it was designed to cancel, had previously become due. From these circumstances, it is very manifest, that it was the design of the parties to impose an obligation on the grantee to pay the claims specified in the clause in question, and to annex a condition to the grant, by which it should be defeated, if that obligation was not fulfilled. The words "*subject to,*" used in this deed, taken in connexion with the phrase of which it is a part, and interpreted according to the meaning which it evidently imports, and of which it is susceptible, without doing the least violence to its proper signification, is as expressive of a conditional grant as any that could have been selected; although it is true, that it is more commonly used for the purpose of qualifying the covenants in a deed, than the estate conveyed by it. To construe it, in this instance, otherwise than as importing a condition, would be to thwart the obvious design of the parties. and to give to the language which they have employed, no meaning or effect whatever.

This view of the case renders it unnecessary to examine the objections urged by the defendants, that the deed created only a trust for the payment of the debts due to the *Savings Bank,* and that the children of *Selden Huntington* had no notice of the agreement between him and *Bacon.*

The interest taken by *Selden Huntington,* under the deed in question, being a conditional estate, no greater or different interest passed, by his conveyance to his children, the other defendants, who received it liable to the condition it contained.

As by the terms of the deed, 500 dollars, part of the 1500 dollars due to the *Savings Bank,* was to be paid by the grantee, within one year from its date, and is a part of the condition which the grantor has not complied with, there has been a breach of the condition ; and as compensation can be made for a failure of precise performance, the deed, in conformity with a principle established by our courts, is to be treated as a mortgage, and it is a proper case for a decree of foreclosure.

We discover no ground for the objection to the bill for multifariousness, its sole object being to foreclose the defendants, and all the material allegations conducing to shew a case proper for that kind of relief. There are, it is true, averments in it, which, under our practice, are unusual and unnecessary ; but they are merely statements of evidence and reasoning, and do not so relate to any other matter as to bring it within this objection. Nor has the *Savings Bank,* as is claimed, any interest in the subject, which either can, or is sought to be, affected, by the decree ; and it was, therefore, unnecessary that it should have been made a party to the bill.

The superior court is, therefore, advised, that the demurrer to the bill be overruled.

In this opinion the other Judges concurred, except CHURCH, J., who was not present.

Demurrer overruled.