[No. 19135.   Department Two. — March 25, 1893.]

# EPHRAIM PARSONS, APPELLANT, *v.* ROBERT SMILIE, RESPONDENT.

DEEDS — BREACH OF CONDITION SUBSEQUENT — RE-ENTRY OF GRANTOR — ACTION TO COMPEL RECONVEYANCE — REMOVAL OF CLOUD. — Where a deed of land contained a condition subsequent, to the effect that the grantee should maintain a lumber-yard thereon for a period of five years, but the grantee maintained the lumber-yard for less than one year, whereupon the grantor re-entered for condition broken, and demanded a reconveyance, which the grantee refused to make, except upon the repayment to him, by the grantor, of the purchase-money paid, less any damage the latter had sustained, the grantor is entitled to maintain an action to compel a reconveyance of the land for breach of the condition and to remove the cloud caused by the record of the grantee's deed.

ID. — CONDITION TO MAINTAIN LUMBER-YARD — "WILLFUL" BREACH — FINDING AGAINST EVIDENCE. — A finding, by the court, that the breach of the condition to maintain a lumber-yard upon the premises granted was not "grossly negligent, or willful or fraudulent," is not sustained by the evidence, where it appears that the breach was the intentional or voluntary act of the will of the grantee, the evidence showing that within

a year from the time the lumber-yard was started it was entirely re-moved from the premises by the grantee.

ID. — INJURY TO GRANTOR — MARKET·VALUE OF PREMISES — IMMATERIAL FINDING. — A finding that the grantor had not sustained any injury by the breach of conditions, and that the price paid for the lots was the then market value, is immaterial.

ID. — FORFEITURE — RELIEF IN EQUITY — COMPENSATION. — Although equity will relieve against a forfeiture for breach of a condition when the act may be performed afterwards or compensation can be made for it, yet unless a full compensation can be given, so as to put the party in pre-cisely the same situation, equity will not interfere. If the act be will-fully done, or where the condition is for the performance of a collateral act, or one for which the court has no certain rule by which to measure the damages, beyond their own arbitrary judgment in the matter, equity will not relieve.

ID. — CONSTRUCTION OF CODE — STANDARD OF "COMPENSATION" — "WILL-FUL" BREACH OF DUTY. — Assuming, without deciding, that section 3275 of the Civil·Code, which provides for relief from a forfeiture incurred by the terms of an obligation upon making full compensation, "except in case of a grossly negligent, *willful*, or fraudulent breach of duty," ap-plies to forfeiture for breach of condition subsequent in deeds, the com-pensation therein provided for will only be made where there is some measure or standard by which it can be estimated, and the exception of the case of a "willful" breach of duty applies to any "spontaneous," or "voluntary," or "intentional" failure to comply with the condition, and does not require that the breach should be malicious.

ID. — UNPROFITABLENESS OF LUMBER-YARD — RELIEF IN EQUITY. — Equity will not relieve the grantee from his obligation to perform the condition expressed in the deed as to the maintenance of the lumber-yard be-cause the findings establish that at the date of the execution of the deed there was great excitement in the real estate market regarding values and prospects of improvement and the laying out of towns on unoccu-pied land in that vicinity, and that the grantor represented that he and· others would require large quantities of lumber for building houses and other purposes, which representations were believed to be true by both the grantor and grantee, but that both were deceived thereby, and that large quantities of lumber were not required, either by the grantor or other persons, and that very little lumber was sold by the grantee, and that there was very little, if any, demand for a lumber-yard upon the premises at the time, or since the lumber-yard was discontinued.

ID. — RELIEF FROM ONEROUS CONTRACT. — A court of equity will not set aside the deliberate contracts or obligations of parties fairly and freely assumed, merely because time may show that the obligation was onerous or unprofitable.

ID.·— ENFORCEMENT OF FORFEITURE — STATUTORY RIGHT TO RECONVEYANCE — BREACH OF CONDITION SUBSEQUENT. — The rule that equity will not enforce a forfeiture at suit of a party claiming it does not apply to an ac-tion to compel a reconveyance of land, and to remove a cloud upon the plaintiff's title, after his title has been revested by re-entry for breach of a condition subsequent. Such an action is taken out of the ordinary rule of proceedings in equity, and is based upon the statutory right to.

a deed given by section 1109 of the Civil Code, which provides that "where a grant is made upon condition subsequent, and is subsequently defeated by the non-performance of the condition, the person otherwise entitled to hold under the grant must reconvey the property to the grantor or his successors, by grant duly acknowledged for record."

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion.

*Graves, O'Melveny & Shankland,* for Appellant.

*Metcalf & Metcalf,* and *Charles L. Batcheller,* for Respondent.

HAYNES, C. — Appeal from judgment and order denying plaintiff's motion for a new trial.

On the twenty-first day of November, 1887, plaintiff was the owner of four certain lots in North Pomona, Los Angeles County, and on that day executed and delivered to the defendant a deed of conveyance of the same for the consideration, therein expressed, of $1,073.60 then paid by defendant. The granting part of the deed was in the usual form, following which was this clause: " This deed is given and accepted on the following conditions, which are to be binding on the party of the second part, his heirs and assigns forever, to wit: The party of the second part shall put and maintain thereon a good lumber-yard for a period of not less than five years, said yard to be opened for business within 120 days from this date. It is further stipulated that no intoxicating drinks shall ever be made or sold or given away on the above premises, and the party of the second part binds himself, his heirs and assigns, to the above covenants, and in case the above-described premises are transferred to other party or parties, they are to be bound by the above-named conditions, and a failure to comply with same will render this conveyance null and void, and said premises shall revert to said first party." This deed was duly recorded. Plaintiff en-

tered for a breach of the condition to maintain a lumber-yard on said premises, and notified defendant thereof, and demanded a reconveyance, and brought this action to compel such reconveyance, and remove the cloud caused by the record of defendant's deed.

A general demurrer was interposed to the complaint, which was properly overruled. The defense to the action will sufficiently appear from the findings of the court. The findings were twenty-seven in number, and can only be outlined in this opinion.

The court found the condition as above recited; that defendant erected an office upon one of the lots for the sale of lumber, and maintained a lumber-yard for less than a year; that plaintiff entered for condition broken, and notified defendant thereof, and demanded a reconveyance; that at the date of said conveyance plaintiff owned a large tract of land in the immediate vicinity of the lots conveyed to defendant; that defendant was a contractor and dealer in lumber, and was desirous of establishing a lumber-yard in that locality, which plaintiff also desired for the purpose of affording facilities to the purchasers of land, and to himself, for procuring lumber; that said lots were not, at the time of the sale, of the value, in the market, of $2,500, as alleged in the complaint, but were of the value of $1,073.60, and no more, and are now worth not exceeding $1,000. It was also alleged in the answer, and found by the court, that this transaction occurred during a period of great excitement in the real estate market regarding values and prospects of improvement and the laying out of new towns on unoccupied land, and particularly in that vicinity; that plaintiff represented that large quantities of lumber and other materials would be required by plaintiff and others for building houses and other purposes; that defendant relied on these representations, but that they were not false or fraudulent, as alleged in the answer, and were not intended to deceive the defendant, but they were believed to be true, both by plaintiff and defendant, and both plaintiff and defendant were

deceived thereby; that large quantities of lumber were not required, either by plaintiff or other persons, and that very little lumber or other materials were sold by defendant from said lumber-yard; and that at the time the lumber-yard was discontinued, there was very little, if any, demand for a lumber-yard on the said premises, and has not been since that time. The court further found " that defendant offered to make full compensation to plaintiff for whatever detriment had been occasioned to plaintiff by reason of the failure, if any, of defendant to comply with the provisions of said deed," but that no detriment had been occasioned to plaintiff by reason of such failure, and " that the defendant has not committed any grossly negligent, or negligent, or willful, or fraudulent breach of duty, nor any breach of duty," and " that he had fulfilled and performed all of the conditions in said deed, except as in these findings stated"; that on the twenty-third day of March, 1891, the defendant offered to reconvey to the plaintiff the said premises, upon the repayment, by the plaintiff, of the sum of $1,073.60, together with legal interest thereon from the date of the deed; that defendant also offered to compensate plaintiff for any detriment he had sustained, but that plaintiff had not been injured by the breach of the condition.

Many of these findings are immaterial, unless, as respondent contends, the defendant, under the facts so found, is entitled in equity to be relieved from the consequence of his breach of the condition upon which the property was conveyed to him.

Near the close of his brief, respondent states the case as follows: " In the present case, defendant has not asked to be excused from performing on account of difficulty, or expense, or hardship, or because he was deceived by the plaintiff, but practically admits the breach, at least, of the condition that he shall maintain a lumber-yard for five years, and in case the court thinks that the complaint and conditions are sufficient, asks

the court to relieve him by allowing him to make compensation for any injury he has caused."

The complaint is clearly sufficient, nor can there be any doubt or room for construction as to the condition in question. Counsel say the expression "a good lumber-yard" is ambiguous and indefinite; but that question is not involved. If defendant had maintained a lumber-yard of some kind for the whole period, that question might have arisen; but if he did not keep any, he did not keep a good one.

I do not in the least controvert the general doctrine that equity will not render its aid to *enforce* a forfeiture for breach of condition subsequent in a deed; but the question presented is, how far equity shall interfere *to defeat* a forfeiture for the violation of such condition. At common law, two things were required to revest the estate in the grantor, viz., a breach of the condition, and an entry for condition broken. Here, both of these things occurred. It is conceded by defendant that he failed to perform the condition, and it is found by the court that plaintiff entered upon the premises, notified the defendant of the breach, and that he claimed the premises and demanded a reconveyance. If it be true, therefore, that a re-entry after condition broken revests the estate in the grantor, it would be necessary to show, in order to sustain respondent's contention, that equity has the power to defeat the operation of the law and the acts of the parties, and take away from the plaintiff the estate which has become revested in him, and again vest it in the defendant. The conveyance upon condition was voluntarily accepted by the defendant; it was not unlawful nor impossible of performance; and in case of a contract thus entered into, equity would not relieve him from his obligation to perform it. There are cases in which equity has relieved against a forfeiture of the estate, but none, I think, under the circumstances nor of the character here involved.

In the case of *Bethlehem* v. *Annis*, 40 N. H. 39, the principle is stated, that wherever a conveyance of land

upon a condition which is in equity regarded as a mortgage, or as a security for a loan of money, equity may relieve, and that this doctrine applies to cases generally where conditional deeds are made as security for the performance of a contract. After stating these general principles, the court, in that case, said: " But upon consideration it will be seen that this principle, though generally true, can have no application to any other contracts than such as, by their non-performance, create a debt, or a demand in the nature of a debt, against the delinquent party. Wherever the condition, when broken, gives rise to no claim for damages whatever, or to a claim for liquidated damages, the deed is not to be regarded as a mortgage in equity, but as a conditional deed at common law."

In *Henry* v. *Tupper*, 29 Vt. 358, it was said (*syllabus*): "A court of equity may grant relief from the forfeiture of an estate conditioned for the maintenance and support of the grantee, where the forfeiture was accidental and unintentional, and not attended with irreparable injury. But it rests in the sound discretion of the court when relief shall be granted in this class of cases."

So there are numerous cases arising under leases, and in contracts where time is not of the essence of the contract, in which courts of equity will relieve against a forfeiture. The general doctrine is, that equity will relieve where the thing may be done afterwards, or compensation can be made for it, but that unless a full compensation can be given, so as to put the party in precisely the same situation, a court of equity will not interfere; for such jurisdiction would be arbitrary. Washburn (Real Property, vol. 2, p. 23) says: " And the only cases where equity interposes as to such conditions are where the failure of performance has been the effect of accident, and the injury is capable of compensation in damages which the court has the means of measuring, and where the grantor can be made perfectly secure and indemnified, and can be placed in the same situation as if the occurrence had not happened. This applies to

cases where the condition is for the payment of money at a particular time, and compensation for the delay can be measured by the interest during that time. But where the condition is for the performance of a collateral act, the rule is different, as the court has no standard by which to measure damages." (*Livingston* v. *Tompkins*, 4 Johns. Ch. 415, 431; *Bacon* v. *Huntington*, 14 Conn. 92; *Hill* v. *Barclay*, 18 Ves. 56; *Henry* v. *Tupper*, 29 Vt. 358, 372.) The same author again says (p. 23): "But if the act be willfully done, or one for which the court has no certain rule by which to measure the damages, beyond their own arbitrary judgment in the matter, equity will not relieve." (See also *Descarlett* v. *Dennett*, 9 Mod. 22; *Wafer* v. *Mocato*, 9 Mod. 112; *Northcote* v. *Duke*, 2 Eden, 322.) In *Elliott* v. *Turner*, 13 Sim. 485, it is held that "willful," in such a case, is the same as a voluntary act of the party.

Counsel for respondent relies strongly upon section 3275 of the Civil Code, which is as follows: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

This section has never, so far as I have been able to find, been construed by this court. Appellant contends that it has no application to conditions either precedent or subsequent, but applies to covenants or other obligations capable of direct enforcement by action. I do not think it necessary to determine that question. Assuming that it applies to cases of forfeiture for breach of conditions subsequent, it closely follows the principles stated in the cases above cited. Compensation will only be made where there is some measure or standard by which it can be estimated; nor can I see anything in this section requiring the word "willful" to be given a different meaning from that expressed in the cases upon the subject of relief from forfeiture, which is the

ordinary meaning of the word. In *Elliott* v. *Turner*, 13 Sim. 485, the chancellor said it meant the same as "spontaneous" or "voluntary." Lord Eldon, in *Hill* v. *Barclay*, 1S Ves. 56, does not define the word, but uses it in connection with the words "neglect" and "omission," as well as in connection with acts performed. Redfield, C. J., in *Henry* v. *Tupper*, 29 Vt. 373, said : "In cases where the condition is for the payment of money, or for the performing of a certain value of services expressed in currency, as one hundred dollars of necessary repairs upon buildings leased, it has been, I think, the more general practice of the court to grant relief as matter of right, without reference to the inquiry whether the default was accidental or willful ; but in all cases where the thing to be done was something collateral, where the issue *quantum damnificatus* must be sent either to a jury or masters before the court could grant relief, they have pretty generally, I think, required to be satisfied that the omission to perform was not willful, but accidental and by surprise, and it has been held always in such cases to depend very much upon the circumstances of the particular case." Black's Law Dictionary defines the word "willful" as follows: "Proceeding from a conscious motion of the will; intending the result which actually comes to pass; designed; intentional; malicious."

The court, however, made a finding that the breach of the condition by defendant was not "grossly negligent, or willful, or fraudulent." Unless the word "willful" was understood by the court, in that connection, to mean "malicious," or with intent to injure the plaintiff, the finding cannot be sustained from the evidence. For a period of about two months defendant kept a man in charge of the lumber-yard; afterwards left it in care of the railroad station agent for some time, and within a year from the time it was started removed the lumber remaining unsold to his lumber-yard at the town of Pomona, two miles or more from the premises in question. It is impossible to conclude that his removal

of the lumber-yard was not intentional, or voluntary, or that it was not the act of his will to do so; nor can I conceive of any possible measure of damages, or mode of estimating or determining the extent of the injury to plaintiff by defendant's breach of this condition, even if it were material to do so. The authorities clearly show that the cases where compensation has been allowed were of an entirely different class from the case at bar, and where, as was said by Chief Justice Redfield, it would not be necessary to send the issue of the amount of damages either to a jury or masters, before the court could grant relief. In *Wafer* v. *Mocato*, 9 Mod. 112, it was said: "For this court never relieves but in such cases where it can give some compensation in damages, and where there is *some rule* to be the measure of such damages, to avoid being arbitrary"; and in a note to *Descarlett* v. *Dennett*, 9 Mod. 22, it was said " that the court of chancery will not relieve against a covenant where, on the performance or non-performance of the act to be done, if omitted, the party is to pay a sum by way of liquidated damages." The court found that plaintiff had not sustained any injury from defendant's breach of the condition, and that the price paid by the defendant for the lots was the then market value. I do not think it material whether it was or not. The plaintiff may have been unwilling to sell, even at the fair market value, except for the purpose of having a lumber-yard conducted upon these lots. There must have been a purpose on the part of the grantor in inserting that condition in the deed, and this purpose must have been understood and considered by defendant in accepting the condition. That the establishment and maintenance of such business was beneficial to the plaintiff is beyond question, but the *quantum* of such benefit in dollars and cents is absolutely incapable of computation or estimation, and for that reason the injury sustained by the breach in question cannot be ascertained by any rule or measure of damages known to the law.

Whilst not undertaking to decide what exceptions

there may be to the general rules stated by the authorities upon the subject of relief against forfeiture, I think it clear that this case is not an exception to those rules, and that the circumstances insisted upon by respondent will not justify this court in affirming the judgment. A court of equity cannot undertake to set aside the deliberate contracts or obligations of parties fairly and freely assumed because time may show that the obligation was onerous or unprofitable. Equity was not intended to subvert the law, nor has it any authority to set aside or disregard the positive, legal obligations voluntarily assumed by parties, except under those special circumstances recognized though not always clearly defined by the authorities. If it be said that the plaintiff has come into a court of equity, and that the judgment is right because equity will not enforce a forfeiture, the reply is, that the Civil Code permits it. The deed from plaintiff to defendant is shown to have been recorded by the record; and under our recording acts the legal title to the premises, notwithstanding the entry for condition broken, appears to be in the defendant. Section 1109 of the Civil Code provides as follows: "Where a grant is made upon condition subsequent, and is subsequently defeated by the non-performance of the condition, the person otherwise entitled to hold under the grant must reconvey the property to the grantor or his successors by grant duly acknowledged for record." In *Liebrand* v. *Otto*, 56 Cal. 248, the action was to remove a cloud from plaintiff's title. The defendant had never been in possession. The action there, as here, was based upon a forfeiture. The court there said that the case thus far had been treated as a proceeding in equity, to remove a cloud from plaintiff's title, but that it might also be considered as a suit brought under section 1109 of the Civil Code; that if the grantee had failed to perform the conditions upon which the grant was made, it was its duty, under that section of the code, to reconvey the property to the grantor. This being a duty required and enjoined by the statute, and

one essential to show plaintiff's title upon the record, the case is taken out of the ordinary proceedings in equity, and the action is one based upon a statutory right. The plaintiff, if he were not in possession, might have brought ejectment and recovered; but that would not have cured the defect apparent upon the record in his title, and our code procedure will not require, even if the plaintiff be not in possession, that he should bring two actions, — one to establish his title at law, and the other to compel a conveyance. The form of action is, I think, proper, showing the facts which establish the plaintiff's legal title, and at the same time compelling the conveyance under the code provision. In the view I take of the case, the finding that the plaintiff is not now the owner in fee, or at all, of said premises is not sustained by the evidence, nor do the findings support the judgment, and the judgment and order appealed from should be reversed, and I so advise.

Searls, C., and Vanclief, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed.

De Haven, J., Fitzgerald, J., McFarland, J.

Hearing in Bank denied.