[Civ. No. 21179.    First Dist., Div. Three.    June 24, 1964.]

KAL W. LINES, as Trustee in Bankruptcy, etc., Plaintiff and Respondent, v. MARIN MUNICIPAL WATER DISTRICT, Defendant and Appellant.

Samuel W. Gardiner, Burd, Hunt & Quantz, Peter Hunt and Herbert J. Friedman for Defendant and Appellant.

Glicksberg, Kushner & Goldberg and Alan S. Maremont for Plaintiff and Respondent.

DRAPER, P. J.—Plaintiff, as trustee in bankruptcy for Stegge Development Corporation, had judgment for $21,140. Defendant district appeals. The question is whether the award is justified under the statute providing for relief from forfeiture (Civ. Code, § 3275).

In 1955, Stegge owned some 2,500 acres of land, which it planned to develop by construction of more than 3,750 residences. Water service, of course, was essential to the development. Stegge and defendant district executed a written contract which acknowledged the district policy not to finance subdivisions, but to require the subdivider to assume the risk of development by advancing all costs for extension of water

service thereto. The agreement set out in detail the water service facilities to be constructed and required that Stegge proceed with all within 60 months. The work was divided into 8 stages, each to serve a particular area of Stegge's land, but it was expressly provided that "Notwithstanding the separate or stage statement of program and costs, this contract shall be deemed to be non-severable. No part of the service shall be given except upon the express understanding that the whole program will be carried through by both parties. No service will be demanded or requested by Subdivider . . . except on the terms and subject to the limitations hereof." Provision was made for payment by district to Stegge, by way of refund upon the advances made by him, of one-third of the gross receipts from the added system for a period of five years.

District built, and Stegge paid for, the first stage installation, designed to serve a maximum of 250 homes, including a storage tank which cost $75,630.54. Stegge completed 180 homes, all of which were connected to the water system. In a proceeding begun August 16, 1957, Stegge was adjudicated a bankrupt. The trustee did not affirm, and therefore is deemed to have rejected (11 U.S.C. § 110b), the executory portion of the contract with the district. No work was done or advances made by Stegge or the trustee on the remaining seven stages of the agreement, nor did they offer any additional homes for connection to the stage 1 portion of the system. After December of 1960, defendant connected to that system 70 homes built by one who then held title to a portion of the original Stegge land. This action followed. The trial court adopted plaintiff's theory that, since he had received only 180 of the maximum 250 connections to be made to the stage 1 develop · ment, there had been a forfeiture of 70/250ths of the cost of the storage tank.

Plaintiff concedes, as he must (see *Sterling* v. *Gregory,* 149 Cal. 117 [85 P. 305]; *Jozovich* v. *Central Calif. etc. Assn.,* 183 Cal.App.2d 216 [6 Cal.Rptr. 617]), that the contract is entire, and that his failure to complete the remaining 7 stages (the time therefor having passed before this action was filed), bars recovery upon the contract itself. He relies solely upon his claimed right to relief from a forfeiture under section 3275.

■ But the burden is upon the party in default to plead and prove facts entitling him to such relief (*Baffa* v.

*Johnson,* 35 Cal.2d 36, 38 [216 P.2d 13] ; *Kelley* v. *Olympic Pharmacy,* 144 Cal.App.2d 43, 54 [300 P.2d 858]).

■ If the nature of plaintiff's breach be such that it is impossible to compute the actual damages suffered by defendant, the claim for relief from forfeiture must fail (*Barkis* v. *Scott,* 34 Cal.2d 116, 121 [208 P.2d 367] ; *Palo & Dodini* v. *City of Oakland,* 79 Cal.App.2d 739, 749-50 [180 P.2d 764] ; *Parsons* v. *Smilie,* 97 Cal. 647 [32 P. 702]). Here the trial court found that there was no detriment to defendant. ■ But there is no evidence to support that finding. The express provision that the contract was entire, despite provision for stages of performance, must be assumed to have some purpose. It is entirely reasonable to consider that the per unit cost of maintaining water service to 3,750 homes is less than like service to 250 homes, or to 180. No contrary evidence was offered, and the court's finding apparently was based on the view that since the district expended nothing for installation of the last 7 stages contracted for, it suffered no detriment. Because of its complete failure to consider the cost factor we have mentioned, and others equally apparent, the finding must be rejected (*Parsons* v. *Smilie, supra*).

■ Plaintiff's assertion that he was improperly prevented from going into this issue is without merit. A district officer was asked ''So that if Stegge didn't perform the district would not be damaged in any way?'' Objection that the question called for a conclusion of law was properly sustained. There was no suggestion that this issue could not be explored by questions proper in form, but plaintiff asked no more.

■ Obviously, there must also be some measurable enrichment of defendant from which the damage suffered by him is to be deducted (see *Barkis* v. *Scott, supra,* 34 Cal.2d 116, 122). ■ This proof, also, is wholly lacking here. Defendant now has a large water tank which cost plaintiff $75,630.54. The trial court reasoned that since this tank would serve some 250 homes, and Stegge had used but 180 connections for homes built by it, 70/250ths of the total cost enriched the district by $21,140. But there is nothing to show a dollar value of the tank to defendant. It is apparent from the contract that district had no independent desire to enlarge its system by even the first stage of 250 connections. Rather, it agreed to do so only on payment by Stegge, and to accommodate the homes it was to build. There is no showing

that the system augmentation operated without loss, although it is apparent that facilities for 70 connections lay idle for the three years from Stegge's bankruptcy to the commencement of this action.

It is apparent that the real beneficiary of plaintiff's expenditure is the subsequent subdivider who received 70 connections without constructing a tank. That company, however, is not a party to this action. It is true that its agreement to hold the district harmless was admitted in evidence over defendant's objection. We need not determine the doubtful validity of that ruling. It is sufficient to point out that the agreement of itself affords no supportable basis for a judgment against the district.

More basically, plaintiff has failed to show an actual loss to him or his bankrupt. Stegge owned 2,500 acres when the agreement was made. His obvious purpose was to enhance the value of this raw land by arranging for water service to it. There is uncontradicted evidence of a qualified appraiser that such enhancement occurred, and amounted to at least the cost of the tank. The trial court found only that neither plaintiff nor Stegge "received reimbursement" by such enhancement. On the record, this can mean only that they did not sell the land so as to actually realize the benefit in cash. But this by no means negates real benefit. Plaintiff now owns none of the Stegge lands, but whether they were disposed of by sale or foreclosure, construction of the tank did enhance their value substantially.

For more than three years after the bankruptcy, the connections remained available to property which the trustee might improve or sell. Defendant district is in no way responsible for his failure to use the connections to realize the enhanced value for which Stegge bargained. Plaintiff now has no land on which these connections could be used. It is anomalous to suggest that this fortuitous situation makes the connections separately saleable, and imposes upon district the duty to pay for them.

Stegge knowingly contracted for the availability of water service, agreeing to pay in full for part of the necessary facilities therefor, with provision for only a partial refund to be realized solely from sharing in receipts of the added system. This refund has been or is being fully paid, and is in no way in issue here. To require payment of additional sums by the district, which is not responsible for Stegge's diffi-

culties and has fully performed its contract, would be to rewrite the contract and wholly to defeat its purpose.

Judgment reversed, with direction to enter judgment for defendant.

Salsman, J., and Devine, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 20, 1964.