CASE 30—PETITION FOR DIVORCE—SEPTEMBER 21.

# Lucinda Orr v. James G. Orr.

### APPEAL FROM KENTON CIRCUIT COURT.

1. THE WIFE IS ENTITLED TO A DIVORCE FROM BED AND BOARD when it is made to appear that her husband had abandoned her, with a fixed determination upon his part, without good cause, to separate from her, and to refuse to provide for her support.

2. GIFTS TO THE WIFE BY THE HUSBAND WILL NOT BE RESTORED TO HIM, in her suit against him, in which she obtains a divorce from his bed and board. *In this case the gift was a house and lot.*

3. It is no part of the chancellor's duty nor has he the right to inquire into, and act upon when ascertained, the reasons by which a husband may have been induced to make gifts to his wife.

4. Love and affection constitute a good and valid consideration for such gifts, and will in all cases uphold a deed as against the grantor and those claiming under him.

5. *Promises of the wife to her husband* did not and could not constitute any part of the consideration for the conveyances of a house and lot by the husband to a third person, and by the latter to the wife,

and hence her failure in good faith to perform those promises can in no sense be regarded a failure of the consideration which superinduced their execution.

6. *The wife is also allowed to retain in this case* such personal property or its proceeds as was left in her possession by the husband when he left his home; the husband, however, should not be required to contribute anything further to her support.

JOHN F. & CHAS. H. FISK, . . . . . . .     For Appellant,

CITED

9 B. Monroe, 546, Scarborough v. Watkins and wife.
18 B. Monroe, 906, Todd's heirs v. Wickliffe.
2 Bush, 220, Williams and wife v. Woodward.
1 Greenleaf on Evidence, sections 23, 26, 275.
1 J. J. Marshall, 389, Gully v. Grubbs.
4 Metcalfe, 265, Watson v. Watson.
9 Dana, 317, Norris v. Norris's administrator.
6 B. Monroe, 615, Hunter's adm'r v. Miller's ex'r.
7 Massachusetts, 291, Colcord v. Swan.
15 Johnson, 483, Whitlock v. Cook.
6 Wendell, 14, Martin v. Dwelly.
6 Bush, 686, Curd v. Dodds, &c.
1 Morehead & Brown, 122, Act of 1809, section 7.
5 Bush, 170, Flood v. Flood.
Reeve's Domestic Relations, 162.
Revised Statutes, section 6, chapter 47, 2 Stanton, 21.

PRYOR & CHAMBERS, . }
ROBERT SIMMONS, . . }    . . . . . . . .    For Appellee,

CITED

3 B. Monroe, 3, Scott's heirs v. Scott & McClure.
1 Marshall, 582, Trumbo v. Cartwright.
2 J. J. Marshall, 110, Scott v. Watts.
5 Dana, 170, Powell v. Powell.
3 Monroe, 327, Jenkins v. Jenkins.
5 Monroe, 512, Gore v. Simrall and wife.
8 B. Monroe, 120, Griffin v. Griffin.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

This suit was instituted by Lucinda Orr against her husband, James G. Orr, for the purpose of obtaining a decree of divorce *a mensa et thoro*, also for an allowance in the way

of maintenance, and to enjoin him from disturbing her pos-
session of certain real and personal property to which she
asserted title.  Among the various grounds for relief set up
in her petition, she alleged that her said husband, about three
months prior to the commencement of the suit, had left her
without a cent of money on which to live, declaring that he
would never return; that he was interfering to prevent her
from securing the means of support, either by disposing of
certain personal property, or of renting out part of the house
in which she lived, and which was her individual estate.

These allegations are not denied either directly or inferen-
tially, but the appellee says that he was compelled to leave
his home on account of the violent and ungovernable temper
of his wife, and because she rendered him miserable by her
unreasonable and unfounded jealousies.

There is proof tending to show that some years prior
to his desertion appellant had occasionally given way to her
temper; but it is not shown that she was guilty of any such
misconduct, or indeed of any default in the discharge of her
marital duties, during the three years next preceding the
desertion complained of.  These facts of themselves, evidenc-
ing as they do a fixed determination upon the part of the
appellee without good cause to separate from his wife and to
refuse to provide for her support, entitled her to a divorce
from his bed and board; hence we conclude that her petition
was improperly dismissed.

In the year 1860 appellee conveyed to Robert Simmons, to
be held in trust for the sole and separate use of his wife, a
house and lot in the city of Covington.  The recited con-
sideration for this conveyance is "love and affection."  This
realty was afterward conveyed by Simmons to Mrs. Orr.

Appellee made his answer a cross-petition against the ap-
pellant, claiming that the real consideration was the promise
or agreement upon the part of Mrs. Orr that she would

Lucinda Orr v. James G. Orr.

reform her conduct, restrain her temper, and henceforward deport herself as an affectionate and dutiful wife should.

It was further alleged that she had not only failed to keep this promise, but had by her violent temper and continued exhibitions of ill-nature rendered his life so utterly miserable as to compel him to abandon his home. In view of these alleged facts he insists that the consideration for the conveyances before set out had failed, and he prayed the chancellor to cancel the same and reinvest him with the title to the house and lot. Upon hearing, a decree in substantial conformity to this prayer was rendered. This decree is now before this court for revision.

If it be conceded that in a case like this the husband can maintain a suit against his wife to settle and adjust conflicting claims to property, and that he can by oral testimony show that the real consideration for such a conveyance is different from that recited in the paper itself, questions we do not regard it necessary to decide, still we are of opinion that neither the proof in the case nor the allegations in the cross-petition, if true, would authorize the relief granted.

It is no part of the chancellor's duty nor has he the right to inquire into, and act upon when ascertained, the reasons by which a husband may have been induced to make gifts to his wife. Love and affection constitute a good and valid consideration for such gifts, and will in all cases uphold a deed as against the grantor and those claiming under him. That appellee hoped by his generosity to secure domestic felicity, that his wife, in view of her husband's bounty, and to secure it, promised in the future a faithful and affectionate performance of her conjugal duties, and afterward failed to realize the expectations she had thereby excited, are facts which fall very far short of authorizing the interposition of a court of chancery in his behalf. The promises of the wife to the husband impose upon her no legal obligation. She has not the legal

capacity to contract with strangers except in certain exceptional cases; and as she is under the coercion of her husband, and thereby deprived of the freedom of volition, she can not be bound by her agreement with him. (9 B. Monroe, 545.)

It results therefore that the promises of Mrs. Orr in law neither did nor could constitute any part of the consideration for the conveyances, and hence that her failure in good faith to perform those promises can in no sense be regarded a failure of the consideration which surperinduced their execution.

The 6th section of chapter 47, Revised Statutes, provides that "upon final decree of divorce from the bonds of matrimony the parties shall be restored such property, not disposed of at the commencement of the suit, as either obtained from or through the other before or during the marriage, in consideration or by reason thereof." Had a final decree of divorce from the bonds of matrimony been rendered in this case, possibly this statute would have warranted the judgment of the circuit court canceling the conveyances under which appellant claims title; but no such decree was asked for or rendered.

It is clear to our minds that so long as the relation of husband and wife exists between these parties Mrs. Orr can not be divested of her title to the house and lot.

There are many questions of fact presented by the record which can have no controlling weight in the decision of this cause, and which this court feels no disposition to discuss; and in view of the fact that some of them may possibly be made the ground of future litigation no notice will now be taken of them.

The judgment of the court below upon both the original and cross-petitions is reversed.

We are of opinion that appellant is entitled to a decree of divorce from the bed and board of appellee, and that she ought to be protected in the peaceable enjoyment of her house

and lot, and that she should be allowed to retain as her own such personal property, or its proceeds, as was left in her possession by the appellee when he left his home. The appellee, however, should not be required to contribute anything further to her support.

The cause is remanded for further proceedings consistent with this opinion. All proceedings under the judgment rendered in any degree affecting Mrs. Orr's title to her house and lot should be set aside and held for naught.