CASE 116—PETITION EQUITY—FEBRUARY 26.

# Eckermeyer v. Hoffmeier.

APPEAL FROM KENTON CIRCUIT COURT.

WHERE A HUSBAND PURCHASED LAND FOR THE WIFE AT JUDICIAL SALE and executed his bond with surety for the purchase money, the wife executing to the surety a mortgage upon the property under an agreement that he was to hold the mortgage to indemnify the husband, the principal in the bond, the husband having paid off the bond, is entitled to enforce the mortgage or to have the property conveyed to him, as the wife can not be allowed to repudiate the agreement and yet hold the property. And the fact that the parties have been divorced does not affect the husband's right to enforce the mortgage, especially as that right is reserved by the judgment granting the divorce.

B. F. GRAZIANI AND C. A. J. WALKER FOR APPELLANT.

While at common law contracts between husband and wife are void, yet for many purposes equity considers them as distinct persons, and their contracts will be enforced or equitable relief will be granted. (Campbell v. Galbraith, 12 Bush, 459; Scarbrough v. Watkins and wife, 9 B. Mon., 540; Todd v. Wickliffe, 18 B. Mon., 906; Maraman v. Maraman, 4 Met., 87; Newby v. Cox, 81 Ky., 59.)

CHAS. H. FISK FOR APPELLEE.

The answer shows a gift by the husband to the wife of the money paid for the property conveyed to the wife, and as the love and affection existing for the wife was sufficient to uphold the gift the husband can not recover the property under any circumstances. (Orr v. Orr, 8 Bush, 157.)

CHIEF-JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This action in equity was instituted in the Kenton Chancery Court by Elizabeth Hoffmeier against William Eckermeyer and others, in which she sought to have canceled and set aside a mortgage executed by herself and the defendant, Eckermeyer, who, at the date of said mortgage, was her hus-

band, to secure the payment of a note for $1,825, executed by her husband to one Rudolph Walker, on the 21st of July, 1890, and by him assigned to one Minnie Bruggeman, the daughter of the defendant, William Eckermeyer.

It is alleged that the note and mortgage were executed without any consideration to Walker, and that the assignee, Minnie Bruggeman, paid nothing for the note, but holds it for plaintiff's former husband, William Eckermeyer, for the purpose of enabling him to subject the property mortgaged to the payment of the note; that Eckermeyer is alone bound on the note, and she is in nowise liable therefor. She also alleges that after the execution of this note and mortgage she obtained a judgment of divorce from her husband in the State of Ohio, where they then lived, and that he is now at·tempting to make her estate liable to pay a debt that he himself once owed and has discharged.

The defendant, Eckermeyer, in response to this petition, filed his answer, in which he admits that neither Walker nor Minnie Bruggeman has any interest in this note, and that the latter is holding it for his benefit, and that he is entitled to have the mortgaged property sold to pay it.

He alleges that, at the date of the execution of the mortgage, and when the plaintiff and defendant were husband and wife, the commissioner of the Kenton Chancery Court, in the action of Henry Hoffmeier's executrix against Henry Hoffmeier's heirs, offered for sale two parcels of real estate in the city of Covington. That the plaintiff owned one undivided half of each parcel and desired to obtain the absolute title to the whole, and, in order to accomplish this, requested him to make the purchase for her, which he did, for the sum of $3,650, payable in two installments of $1,825 each. That he gave his bonds with Rudolph Walker his surety, and made an agreement with his wife (the plaintiff) by which he

was to pay the note for $1,825, have the deed made to her for the entire property and execute a mortgage to Walker, the surety in the bonds, to secure the defendant, her husband, in the payment of the $1,825 bond. The plaintiff being entitled to the other bond. That the defendant paid off the bond, and it was agreed that Walker was to hold the mortgage solely as a security to the defendant for the repayment of the $1,825 bond. That the defendant Minnie received the note and mortgage to hold for the benefit of the defendant, and that he is the beneficiary, and no other, of the note and mortgage, the agreement between all the parties being that the husband was to pay the money, have the real estate conveyed to the wife, and the mortgage executed to secure him. He further alleges that in the judgment of divorce rendered by the Ohio court, after describing the property herein involved, the court said: "And the same is hereby restored to the defendant (her divorce being obtained on her cross petition) divested of all and every claim, title and interest by curtesy of her said husband; and it is now ordered, adjudged and decreed that the plaintiff release and quitclaim to defendant, upon demand, by proper deed, all his right, interest and estate by curtesy in and to said described real estate, and that, upon plaintiff's default to do so, this decree operate as such conveyance; provided, however, that neither said deed nor this decreee shall convey nor in any manner impair or affect any interest or estate said plaintiff may now hold as *cestui que trust* or otherwise in said real estate by way of mortgage."

A demurrer was sustained to the answer, and, the appellant failing to make any other defense, the mortgage was canceled and the lien upon the appellee's property released.

It is contended that, as the note to Walker is for the benefit of Eckermeyer alone. in effect it is an obligation paya-

ble to himself, and that any promise or agreement made by the wife, with reference to the purchase of this realty, is not binding upon her because of her inability to make such a contract, and also for the want of consideration.

That the money or the proceeds of the note is going to the appellant is admitted; but it by no means follows, if the averments of the answer are made good by the proof, that the chancellor is powerless to give relief. This is not a suit on the note, but an equity presented by the answer of the defendant to the petition of the wife, by which it appears that the note and mortgage were both executed to Walker as a means of securing the husband in the payment of this obligation to the commissioner, and to avoid the common-law rule that prevents the wife from contracting with the husband so as to create a personal liability to him by the wife. No personal judgment can be rendered against the wife, nor is any such judgment sought; but the chancellor is asked to interpose and enforce the equitable lien of the husband on the property mortgaged to Walker to secure the repayment of the money that was paid for this real estate by the husband, and an absolute deed made to the wife. It was not a gift to the wife or intended as such, and, the answer being admitted to be true, the demurrer should have been overruled.

Contracts between husband and wife are often enforced by courts of equity, not upon the ground that her disability is removed when seeking the aid of a court of equity, but for the reason that in a case like this it would be unconscionable to permit the wife to retain the property under her title, derived by reason of the agreement, and at the same time refuse to pay for it. If she is willing to surrender the property the husband has paid for, the chancellor will permit her to do so; but if she persists in holding the husband to

the agreement, she must perform her part of it.   The case of
Orr v. Orr, 8 Bush, 156, relied on by plaintiff, was where the
husband had conveyed property to the wife upon the consia-
eration, as he alleged, that she would reform her conduct, re-
strain her temper, etc., and the consideration had failed.   It
was held that it was a gift in consideration of love and af-
fection, and the husband was not entitled to equitable relief.

In Newby v. Cox, 81 Ky., 58, it was held that, where a con-
tract is void, as between husband and wife, as to the wife,
the consideration moving from the husband will be restored
to him.   See also Livingston v. Livingston, 2 Johnson's Ch'y
Reports, 537, where the husband made a parol contract
with the wife to purchase a lot in her name and build a house
upon it, and, in consideration thereof, she agreed to sell an-
other house belonging to her and give the husband the pro-
ceeds in discharge of the expenditure made by him.   The
wife died, and, in a controversy as to the equity of the hus-
band as against the heirs of the wife, Chancellor Kent held
the husband had the clearest equity to have indemnity by a
sale of the house agreed to be sold by the wife, or the house
and lot he purchased and paid for conveyed to him.

Besides, the judgment of divorce in the Ohio court plainly
indicates a reservation as to the rights of the husband by
reason of this mortgage, when passing upon the property
rights of the parties; and, while that judgment is by no
means conclusive of the rights of the husband in this case
it evidences the fact that the claims of either party, by rea-
son of the mortgage, were not to be affected by that judg-
ment.

Whether the facts exist, as alleged, we can not determine,·
as the sufficiency of the answer is alone involved; but, if true,
the equity of the husband is unquestioned either to have

the one-half of the property conveyed to him or his mortgage lien enforced.

Judgment reversed and remanded for proceedings consistent with this opinion.