Owsley v. Owsley, &c.

---

CASE 52—EQUITY—JANUARY 22.

## Owsley v. Owsley, &c.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. That the wife is not bound by her agreement that her husband should keep the possession of their children does not affect the husband's right to make a conveyance dependent upon her observance of the conditions imposed by him in a deed of trust to another for her benefit.

2. Although the right of the husband may not be assignable at law, his transfer vested an equity in the appellant, and the husband being a party, the action may be maintained, and upon the facts he must recover the fund assigned in trust.

W. O. BRADLEY FOR APPELLANT.

1. The husband clearly had the power to impose the conditions of the deed, whether the wife could bind herself by a promise or not.

Owsley v. Owsley, &c.

2. He had the right in equity to assign to appellant his interest in the
   fund.  (7 Paige, 76; 17 Howard's U. S. Rep., 368; 2 Selden, 187; 3
   Barb., 243; 15 N. Y., 425; Orr v. Orr, 8 Bush, 158; 2 Bl. Com., 281;
   Littleton, sec. 361; East, 478; 5 Pick., 528; 2 N. H., 120; 5 Serg.
   & R., 375; 32 Me., 394; 18 Conn., 535; 12 Serg. & A. (Penn.), 190;
   Burrell on Assignments, 67.)

WELCH & SAUFLEY FOR APPELLEE.

1. The appellant has no greater right as assignee than the original
   grantor.
2. Franklin Owsley has no right of recovery upon the facts stated in the
   petition.  (Orr v. Orr, 8 Bush, 160.)

On the 16th of May, 1877, Franklin Owsley having been
separated from his wife, Susan Owsley, for several years,
conveyed to Shanks, in trust for her benefit, two thousand
dollars, to be invested by the trustee, in consideration that she
consented that the grantor should retain all their children,
five in number (except the youngest), to educate them, &c.,
&c.   But in the event of the wife's refusal to let him retain
the custody of the children, the deed of trust to be void,
and the grantor to resume the possession of the trust fund;
upon the wife's death the fund to revert to the husband.

On the 10th of October, 1878, the grantor assigned to
appellant all his right and title to the money in the hands
of the trustee.   Afterwards the wife forcibly took one of the
children from the custody of the husband, and kept it.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The deed of trust was made upon the express condition
that, in the event of Mrs. Owsley's refusal to permit the
custody, care, and possession of the children to remain with
her husband, the deed should become void.   Her promise
to allow the children to so remain was not only the condition
upon which the deed was to become void, but seems to have
been the sole consideration for its execution.   It may be true
that she could not bind herself by her promise not to disturb

the husband's custody of the children, but whether she could or not, the husband had an unquestionable right to make the ·deed upon such conditions as he chose, and the fact that the wife is not bound upon her agreement furnishes no reason why the husband should not make the deed to depend upon her observance of that agreement.

Instead of taking her obligation to allow the children to remain with him, and making the settlement in consideration of that promise, he chose to make it upon condition that she would allow him to keep the children, and left her free to act as she might see proper; and she having, as is alleged, violated the condition, we are unable to perceive any legal reason why the husband's assignee may not recover the money from the trustee, unless there are some equitable grounds of defense which do not now appear in the record.

This is unlike Orr v. Orr (8 Bush, 156). That was an absolute conveyance without condition or restriction, and it was sought to avoid the deed on the ground that it was made in consideration of certain promises which had been violated, and the court held that it could not be avoided on that ground. But there is nothing in that case, or any other known to the court, which intimates that a husband may not lawfully insert in a deed of settlement a condition not unlawful in itself, and insist upon it when the condition has been violated.

Although the right of the husband may not have been assignable, the transfer vested the appellant with an equity, and the husband being a party, there is no reason why the action may not be maintained by the assignee.

Judgment reversed, and cause remanded, with directions to overrule the demurrer.