(Decided June 22nd, 1897).

---

LEWIS FAITH *vs.* ROSANNA BOWLES ET AL.

*Deeds—Condition Subsequent—Land Conveyed for a Designated Use.*

Where a deed conveying land declares the purpose for which the same is to be used, and such purpose does not enure to the special benefit of the grantor and there are no words indicating an intent that the grant is to be void if the purpose is not carried out, such deed will not be construed to be upon a condition subsequent so as to create a defeasible estate.

Land was conveyed, for full consideration, to a county "for a public school-house as the property of the schools of said county and for no other purpose, in fee." The land was afterwards sold and conveyed to the defendant who used the building thereon as a dwelling house. In an action of ejectment by the heirs at law of the grantor in the first deed, *Held*, that the words expressive of the purpose for which the land was to be used did not create a condition subsequent so as to work a forfeiture of the land in case it ceased to be used for that purpose.

Appeal from a judgment of the Circuit Court for Washington County (STAKE, J.)    At the trial the plaintiff's first prayer, which was granted, was as follows :

If the Court, sitting as a jury, finds that John Bowles died in the year 1866 or 1867, and the plaintiffs in this action are the descendants and the only legal heirs of said John J. Bowles, and that said John J. Bowles and wife, in the year 1860, conveyed the land mentioned in the declaration in this case to Washington County for a public school-house, as the property of the public schools of said county, and for no other use, by the deed offered in evidence ; and further find that a school-house was erected thereon in the year 1860 by the said Washington County, and was used as a public school until the year 1889, when the same ceased to be used as such ; and further find that the Board of School Commissioners in 1889, by the deed offered in evidence, sought to convey said lot to the defendant, who entered into possession thereof, if the Court so find ; and further find that in 1889 said defendant converted said school-house on said lot into a dwelling-house and occupied it as such until within six months past, since when it has remained idle and unoccupied, then the verdict must be for the plaintiffs.

The defendant's fourth prayer, which was rejected, was that "there is no legally sufficient evidence before the Court to warrant a verdict or finding for the plaintiffs, and that the defendant is entitled to a verdict."

The cause was argued before McSHERRY, C. J., BRYAN, BRISCOE, ROBERTS and BOYD, JJ.

*George W. Smith, Jr.,* and *William Kealhofer,* for the appellant.

*Lewis D. Syester* (with whom was *J. Clarence Lane* on the brief), for the appellees.

ROBERTS, J., delivered the opinion of the Court.

This is an action of ejectment brought by the appellees

to recover from the appellant a lot of land in Washington County, in this State. The circumstances, under which this controversy arises are, that on the 4th of June, 1860, Washington County, a body corporate of said State, purchased from John J. Bowles and wife, for the consideration of one hundred dollars, a certain lot of land, upon which Bowles then resided and which was known in the corporation of the town of Hancock as Lot No. 23. A deed of that date for said lot was executed and delivered to said county by said Bowles and wife, containing the statement that it was granted to said county, "*for a public school-house, as the property of the schools of said county, and for no other purpose, in fee.*" The deed also contains a special warranty and a covenant for such other assurances as may be requisite. Immediately after its purchase the lot was improved by the erection of a school-house thereon, and it continued to be used for public school purposes until the 13th of December, 1889, when it was sold and conveyed by the Board of County School Commissioners of Washington County to the appellant, who converted the same into a dwelling-house, which for nearly seven years and until after this suit was brought, he has continued to occupy as a dwelling. This suit is brought by the widow and heirs at law of John J. Bowles, the original grantor in the first mentioned deed, who claim that the lot was conveyed by Bowles, the grantor, upon the condition that the lot was to be used for "public school purposes and for no other use," and that the abandonment of its use for public school purposes was a breach of the condition subsequent and worked a forfeiture in favor of the grantor's heirs, who are the appellees here.

The case was submitted to and tried before the Court below, without the aid of a jury, and upon an agreed statement, the material facts of which have already been stated. So that the only inquiry necessary to be determined on this appeal relates to the proper construction and legal effect which should be given to the language employed in the deed

from Bowles and wife to Washington County. Questions of like character with the one here presented have frequently occupied the attention of the Courts, so that there is no want of decisions to guide us in reaching a satisfactory conclusion.

In this case the original grantors are admitted to have received full consideration for the lot when sold, and while the question of the amount of the consideration paid can have no effect in enlarging or extending the estate conveyed, it has nevertheless an important bearing upon and greatly aids in the ascertainment of the intention of the parties to the conveyance. To determine correctly the meaning and effect of the language of the deed, which has brought about this controversy, it becomes our duty to ascertain as nearly as possible the intention of the parties, grantor and grantee. There can be no doubt of the intention of the grantors that the estate should be used for public school purposes. This is clearly manifested, but we search in vain for any words which indicate an intention that if the grantee omitted so to use the estate and actually devoted it to another purpose, the same should thereupon be forfeited, and revert to the heirs of the grantors. After careful examination we have found as stated by BIGELOW, C. J., in *Rawson* v. *Inhabitants, &c.*, 7 Allen, 129-130, "No authoritative sanction for the doctrine that a deed is to be construed as a grant on a condition subsequent solely for the reason that it contains a clause declaring the purpose for which it is intended the granted premises shall be used, where such purpose will not enure specially to the benefit of the grantor and his assigns, but is in its nature general and public, and where there are no other words indicating an intent that the grant is to be void if the declared purpose is not fulfilled." In this case the words sought to be construed as creating a condition were, " for a burying place forever," but the Court held that it was not a condition. The grant in the case now under consideration was not a gratuity, nor merely voluntary, but made for a full consideration of the estate conveyed.

This being the case, and there being no qualifying terms indicating that the grantors intended to retain any benefits to themselves, or to impress upon the estate conveyed any restriction as to its alienation, which would necessarily be the effect of a condition subsequent, we find nothing to justify the appellee's contention.   In the very recent case of *Kilpatrick* v. *M. & C. C. of Balto.*, 81 Md. 179, this subject has been very fully considered and determines a question substantially the same as here.   It is there held, that " Conditions subsequent are not favored in law ' because on breach of such conditions there is a forfeiture, and the law is adverse to forfeitures.'   4 *Kent,* 130; *Stanley* v. *Colt,* 5 Wallace, 119.   Therefore it is, that a condition will not be raised by implication from a mere declaration in the deed that the grant is made for a special and particular purpose without being coupled with words appropriate to make such a condition.   *Packard* v. *Ames*, 16 Gray, 327; *Bigelow* v. *Barr*, 4 Ohio, 358."   To the same effect is the case of *Barker* v. *Barrows*, 138 Mass. 580, where the qualifying words are, " said lot of land to be used, occupied and improved by said inhabitants as a school-house lot, *and for no other purpose.*"   *Green* v. *O'Connor*, 18 R. I. 1; *Higbee* v. *Rodman*, 129 Indiana, 224.   As also in the case of *Weir* v. *Simmons*, 55 Wis. 637, " where the grant was ' upon the express condition ' that the grantee should pay to third persons, strangers to the deed, certain sums, the Court construed the provision as not creating a condition subsequent, but as granting the land absolutely, subject to the sums specified as a charge or lien on it."   The case illustrates how averse the Courts are to uphold conditions that will defeat an estate vested.   So in *Strong* v. *Doty*, 32 Wis. 381, where land was conveyed in trust to be devoted to a designated use, the Court held that because there were no words in the deed expressing an intent that the land should revert, there was no condition subsequent.   In *Craig* v. *Wells*, 11 N. Y. 315, it was decided that a clause in the deed excepting and prohibiting specified uses of the land did not create

a condition. In *Thornton* v. *Trammell*, 39 Ga. 202, the words, "it being expressly understood that said tract is not to be put to any other use than" (specifying it), were held to create a covenant, but not a condition. In *Packard* v. *Ames*, 16 Gray, 327, it was held that a grant for a specified purpose, without other words, cannot create a condition. In *Sohier* v. *Trinity Church*, 109 Mass. 1, the words "in trust, nevertheless and upon condition always" (to use the premises for public worship), in a deed to a religious corporation, were held to create only a trust, and not a condition. It has been very earnestly contended on the part of the appellees that the cases of *Reed, Howard et al.* v. *Stouffer*, 56 Md. 236, and the *Second Univ. Soc.* v. *Dugan*, 65 Md. 460, are directly in point as sustaining their view, but such is not the effect of the two cases. In both cases the property was conveyed to trustees in trust for certain uses and purposes, clearly defined in the deeds, and in each case the legal estate vested in the trustees for the purposes of the trusts. A totally different state of case to the one presented here, and in no respect entitled to be considered as controlling the question in controversy here. It results from what we have said that the Court below committed error in granting the appellees' first prayer and in rejecting the appellant's fourth prayer, which should have been granted. The judgment below is therefore reversed, without a new trial.

> *Judgment reversed with costs and without a new trial.*

(Decided June 22nd, 1897).