CHARLES S. GOLDING *vs.* GEORGE R. GAITHER
ET AL., TRUSTEES.

*Abandonment of Purpose for Which Land Had Been Conveyed in Trust—Reverter—Marketable Title.*

When the grantee, to whom land had been conveyed by a deed absolute in terms, subsequently declares in a deed of the land to a corporation that the conveyance had been made to him in trust for the uses of the corporation, then, upon the abandonment of the property by the corporation, the title reverts to the original grantor, who has the right to re-enter and take possession.

In 1832, M. conveyed land to certain persons as joint tenants. In 1837, these grantees conveyed the land to an Academy, stating that the deed to them was designed and intended, though not expressed, to be for the benefit of the Academy, which was to be thereafter incorporated. In 1870, the land had been wholly abandoned by the Academy. In that year, M.

re-entered and took possession, and he and his heirs have since been in exclusive possession. *Held,* that they now have a valid title to the land which a purchaser may be required to accept.

*Decided April 1st, 1910.*

Appeal from the Circuit for Baltimore County (DUNCAN, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Madison E. Lloyd* and *Clarence C. Foreman,* for appellant.

*Alfred Jenkins Shriver* (with whom was *George R. Gaither* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

By the authority of a decree of the Circuit Court for Baltimore County passed on the 11th day of June, 1907, the appellees offered for sale at public auction the property mentioned in these proceedings. Failing to obtain at the sale an adequate bid they withdrew the property, and on the 28th of May, 1909, they sold the same at private sale to Charles S. Golding for the sum of twelve thousand dollars, subject to the ratification of the Court. The trustees reported the sale, and filed with their report the contract between themselves and the purchaser. This appeal is taken by the purchaser from the order of the lower Court overruling exceptions filed by him and finally ratifying the sale. His objections to the sale were based upon two grounds: first, that the title to the property sold to him is vested in the Govanstown Academy, a body corporate; secondly, that the bill of complaint contained an improper description of the land and an improper reference to the same.

This latter objection is based upon the fact that in the description of the land given in the bill one of the courses, by mistake, was omitted; but this error was subsequently corrected under an order of Court obtained for that purpose, and, therefore, that ground of objection has been obviated and need not be considered.

Are the trustees able to convey to the appellant a good and marketable title to the property mentioned in the report of sale? This is the only question in the case, and its determination depends upon the construction and legal effect of certain deeds appearing in the record.

The facts are undisputed, and the only ones that need be stated are these: On April 20, 1829, Mahlon Melnor conveyed the land and premises mentioned in these proceedings to Henry McElderry, and on the 16th of Ootcber, 1832, Henry McElderry and wife granted and conveyed the land and premises to John W. Ward, Benjamin P. Moore, William G. Howard and Edward Fendall as joint tenants. Prior to September 4th, 1837, Edward Fendall, one of the grantees died; but the surviving joint tenants and grantees on that date conveyed the property to the Govanstown Academy, a corporation created by an Act of the General Assembly of Maryland. In this deed appears the following recitals: "Whereas a certain Henry McElderry and Sarah, his wife, by indenture bearing date the 16th of October, 1832, and recorded among the Land Records of Baltimore County, in Liber A. I. No. 221, folio 416, etc., conveyed to the said John W. Ward, Benjamin P. Moore, William G. Howard, and a certain Edward Fendall, since deceased, as joint tenants, the piece or parcel of land herein described; and whereas the *said conveyance was designed and intended,* though not so expressed in said indenture, *for the benefit* of an academy which it was then intended to have erected and conducted on said piece or parcel of ground; and whereas by the Act of the General Assembly of Maryland, passed at the December session of the year 1832, Chapter 229, entitled "An Act for incorporating the Govanstown Academy in Bal-

timore County," the said academy, *to benefit which the said
conveyance was executed* was established by the name of the
Govanstown Academy."

This academy was erected and conducted upon the prop-
erty for a number of years. Exactly when it was opened or
when it finally closed the testimony does not show; but it is
shown by the evidence of all the witnesses that between 1867
and 1870 the academy and grounds were absolutely aban-
doned as a school, and that the school has never since been
in existence, or the property occupied or claimed by the cor-
poration.

Upon the abandonment of the property by the Govanstown
Academy, Henry McElderry, the original grantor, took pos-
session of the land and premises. In 1870 he enclosed the
property by fences, converted the building formerly used as
the academy into a carriage house and hay loft, and occupied
the property as his residence until his death in 1877.

After his death, his widow occupied it until her death in
1897, and after her death two of the heirs occupied it until
1900, and since then down to the time of the sale to the ap-
pellant, it has been leased by the heirs of Henry McElderry
to tenants.

All the heirs of Henry McElderry are parties to the cause
and claim to be seized and possessed as tenants in common
in fee simple of the land mentioned in the bill, the allega-
tions of which bring the case within the provisions of the
statute which confers upon the Court power to sell. These
allegations have been proved and upon the facts stated above,
we have no doubt that the trustees are able to convey to the
purchaser a good and marketable title to the property.

John W. Ward, Benjamin P. Moore, William G. Howard
and Edward Fendall held the property in trust under the
deed of October 16, 1832 from Henry McElderry and wife
to them. This is declared in the deed of September 4th,
1837. That deed contains the declaration and evidence of
the trust upon which the property was held by the grantees.
It is there declared that the conveyance to them was designed

and intended to be for the benefit of the academy. It was competent for the grantees to declare the trust, and to furnish the written evidence required by the statute.

In *Snader* v. *Slingluff,* 95 Md. 366, this Court, speaking through JUDGE BRISCOE, said: "Mr. Pomeroy, in his work upon Equity Jurisprudence, 2d vol., sec. 1007, says that when the trust is not created in and by the instrument of conveyance, it may be sufficiently declared and evidenced by the trustee to whom the land is conveyed, or who becomes a holder of the legal title; and this may be done by a writing executed simultaneously with or subsequent to the conveyance, and such writing may be of a most informal character."

Henry McElderry having conveyed the property to trustees for the uses and purposes declared in the deed of September 4th, 1837, the legal title became reinvested in him upon the abandonment of the property by the Govanstown Academy more than forty years ago. He then took possession, and upon his death the title devolved upon his heirs at law, all of whom are parties to this suit. This case is controlled by the principles announced in *Read et al.* v. *Stauffer,* 56 Md. 253; *Second Univ. Society* v. *Dugan,* 65 Md. 440; and *Kelso* v. *Stigar,* 75 Md. 376.

Upon the doctrine of these cases, we decide that the trustees under the deed of October 16, 1832, took a defeasible estate in this property, which could not be changed, or enlarged by any subsequent act or deed of theirs, and that upon the abandonment of the property by the Govanstown Academy the title reverted to Henry McElderry, and he had a right to re-enter and take possession, which the proof shows he did.

The appellant places his main reliance upon the case of *Faith* v. *Bowles,* 86 Md. 13; but in that case there was a direct conveyance of the legal title to the grantee and no question of trust was involved. There is a broad distinction between that class of cases and those of conveyances to trustees for trust purposes. In that case the Court adverted to this distinction and said: "It has been very earnestly con-

tended on the part of the appellees that the cases of *Reed, Howard et al.* v. *Stauffer,* 56 Md. 236, and the *Second Univ. Soc.* v. *Dugan,* 65 Md. 460, are directly in point as sustaining their view, but such is not the effect of the two cases. In both cases the property was conveyed to trustees in trust for certain uses and purposes, clearly defined in the deed, and in each the legal title vested in the trustees for the purposes of the trust—a totally different state of case to the one presented here, and in no respect entitled to be considered as controlling the question in controversy here."

Being of opinion that there is no reasonable doubt about the title to the property which the trustees in this case contracted to sell to the appellant, the order appealed from will be affirmed.

*Order affirmed, each party to pay one-half of the costs, above and below.*