[Sac. No. 1953. Department Two.—January 14, 1913.]

M. L. FITZGERALD, Respondent, v. COUNTY OF MODOC et al., Defendants. T. F. DUNAWAY, Appellant.

DEED—CONDITIONS SUBSEQUENT—CONSTRUCTION.—Conditions subsequent in a deed tending to restrict and defeat an estate are not favored. They can be created only by apt and appropriate language which *ex proprio vigore* establishes that only a conditional estate was conveyed, and when such a condition is shown to have been created, the rule of construction is that of strictness against the grantor and in favor of the holder of the estate.

ID.—CREATION OF CONDITIONS SUBSEQUENT.—Generally, the apt and appropriate words evidencing that a grant is on condition subsequent are found in a provision for forfeiture and right of re-entry. If,

however, the language employed declares a condition and imports a forfeiture, a clause of re-entry is not necessary.

ID.—RECITAL OF PURPOSE FOR WHICH LAND IS CONVEYED.—A provision in a deed to a county merely reciting that the land conveyed is "to be used as and for a county high school ground and premises," for the grantee, does not create a condition subsequent.

ID.—CIRCUMSTANCES UNDER WHICH DEED WAS MADE.—The facts and circumstances under which such deed was made, if not expressed in the deed itself, cannot be considered to enlarge or restrict the estate actually granted.

APPEAL from a judgment of the Superior Court of Modoc County. N. P. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Dodge & Barry, for Appellant.

Charles R. Holton, for Respondent.

HENSHAW, J.—In its form this is a simple action to quiet title, brought against the county of Modoc and T. F. Dunaway, the complaint alleging title in plaintiff to nine acres of land in the county of Modoc, and asserting that the defendants set up some claim of right or title thereto. The county of Modoc disclaimed. Defendant Dunaway answered, alleging title in himself. The findings declare plaintiff to be the owner of the land, that Dunaway's claim is without right, and judgment followed accordingly. Defendant Dunaway appeals.

By the evidence it appears that the action is in fact one to enforce a forfeiture upon breach by the grantee, the county of Modoc, of an asserted condition subsequent, contained in a deed to the land made by plaintiff to the county of Modoc. Preliminarily appellant urges that, such being in fact the nature of the action, wherever plaintiff relies upon a forfeiture he must plead it. We will not pause, however, to enter into a discussion of this question, since under the circumstances, it is better for all of the litigants that the controversy should be settled upon its merits.

Plaintiff made a deed to the county of Modoc which conveyed by appropriate description the land here in controversy, and contained immediately following the description the fol-

lowing clause: "To be used as and for a county high school ground and premises, for the county of Modoc, state of California." Evidence is lacking as to whether or not the land was ever used for the indicated purpose, but the breach of the asserted condition subsequent rests upon the fact that admittedly the county of Modoc did convey this land to the defendant Dunaway.

It is fundamental that conditions subsequent tending to restrict and defeat an estate are not favored. They can be created only by apt and appropriate language which *ex proprio vigore* establishes that only a conditional estate was conveyed, and when such a condition is shown to have been created, the rule of construction is that of strictness against the grantor and in favor of the holder of the estate. Generally speaking, the apt and appropriate words evidencing that the grant is on condition subsequent are found in a provision for forfeiture and right of re-entry. "Reciting in a deed that it is in consideration of a certain sum, and that the grantee is to do certain things, is not an estate upon condition, not being in terms upon condition, nor containing a clause of re-entry or forfeiture." (2 Washburn on Real Property, 4, 8; *Cullen* v. *Sprigg,* 83 Cal. 56, [23 Pac. 222].) Of course, where the language employed declares a condition and imports a forfeiture, a clause of re-entry is not necessary. (*Papst* v. *Hamilton,* 133 Cal. 631, [66 Pac. 10]; *Behlow* v. *Southern Pacific R. R. Co.,* 130 Cal. 16, [62 Pac. 295]; *Hawley* v. *Kafitz,* 148 Cal. 393, [113 Am. St. Rep. 282, 3 L. R. A., (N. S.) 741, 83 Pac. 248]; *Cleary* v. *Folger,* 84 Cal. 316, [18 Am. St. Rep. 187, 24 Pac. 280]; *Quatman* v. *McCray,* 128 Cal. 285, [60 Pac. 855].) Under no decision of this or any other court, within our knowledge, has language such as is here used ever been construed to create a condition subsequent. At the least it is but a declaration of the purpose for which the grantor expected the land would be used. At the most it is but a covenant. The cases from this court which respondent contends support his argument that this language created a condition subsequent, are far from sustaining him. In *Parsons* v. *Smilie,* 97 Cal. 647, [32 Pac. 702], the language of the deed was: "This deed is given and accepted on the following conditions, which are to be binding on the party of the second part, his heirs and assigns forever, to wit . . .

and a failure to comply with the same will render this conveyance null and void, and said premises shall revert to said first party.'' Here was a clear and complete condition subsequent. In *Papst* v. *Hamilton*, 133 Cal. 631, [66 Pac. 10], the conveyance was ''upon the conditions, however, that the premises shall be used solely,'' etc., ''and for no other purpose whatever.'' The indicated purpose was for the maintenance of a college or academy. There had been a failure and abandonment of the premises and the grantor had re-entered and taken possession of them. It was clear that the estate was created upon condition. There had been an actual re-entry, and the decision of this court was simply to the effect that, under these circumstances, plaintiff is ''in a position to maintain his action for the cancellation of the deed and the quieting of his title.'' In *Liebrand* v. *Otto*, 56 Cal. 242, an action to have declared and enforced a forfeiture, the declaration of this court is that the plaintiff had granted certain lands to the Santa Cruz Railroad Company upon certain expressed conditions to be performed by the latter. The railroad company had failed to perform and plaintiff had re-entered. It was held that his re-entry and continued possession excused his delay in resorting to equity to remove the cloud from his title. In *Quatman* v. *McCray*, 128 Cal. 285, [60 Pac. 855], the deed declared as follows: ''And this conveyance is made upon the following express condition, namely:'' etc. The defense was merely that there had been no breach of the condition. We have thus briefly considered the California cases upon which respondent relies. Upon the other hand, such cases as *Ecroyd* v. *Coggeshall*, 21 R. I. 1, [79 Am. St. Rep. 741, 41 Atl. 260] ; *Packard* v. *Ames*, 16 Gray, (Mass.) 327; *Kilpatrick* v. *Mayor of Baltimore*, 81 Md. 179, [48 Am. St. Rep. 509, 27 L. R. A. 643, 31 Atl. 805] ; *Faith* v. *Bowles*, 86 Md. 13, [63 Am. St. Rep. 489, 37 Atl. 711] ; *Rawson* v. *School Dist.*, 7 Allen, (Mass.) 125; *Page* v. *Palmer*, 48 N. H. 385; *Cunningham* v. *Parker*, 146 N. Y. 29, [48 Am. St. Rep. 765, 40 N. E. 635] ; *Sumner* v. *Darnell*, 128 Ind. 38, [13 L. R. A. 173, 27 N. E. 162] ; *Clements* v. *Burtis*, 121 N. Y. 708, [24 N. E. 1013] ; *Thornton* v. *Trammel*, 39 Ga. 202; *Rainey* v. *Chambers*, 56 Tex. 17, and *Owsley* v. *Owsley*, 78 Ky. 257, are all cases to which many more might be added, which construe language, much more per-

tinent than that employed in the case at bar, as being insufficient to create a condition subsequent. Here the grantor did no more than to indicate his purpose in making the deed and the use to which he expected the land to be put. But such language is entirely inadequate to create a condition. (*Mausey* v. *Mausey*, 79 Va. 537.

We are not forgetful of the principle which holds in mind the circumstances under which such a deed is made, and the fact whether or not an adequate consideration has been paid therefor by the grantee. (*Ecroyd* v. *Coggeshall*, 21 R. I. 1, [79 Am. St. Rep. 741, 41 Atl. 260]; *Faith* v. *Bowles*, 86 Md. 13, [63 Am. St. Rep. 489, 37 Atl. 711].) These facts and circumstances, of course, cannot tend to enlarge or restrict the estate actually granted. They are of value only as an aid in arriving at the actual intent of the parties. But whatever that actual intent may have been, it must have found adequate expression in the deed itself before it can be given either legal or equitable efficacy.

The judgment appealed from is therefore reversed, and the cause remanded.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.