Walker v. Shelby County School Board.

WILLIAM WALKER *et al. v.* SHELBY COUNTY SCHOOL BOARD.*

*(Nashville.* December Term, 1923.)

**SCHOOLS AND SCHOOL DISTRICTS.** Conveyance to be used for a school held not to create a condition in deed.

A conveyance of land to be used "for public school purposes" did not create a condition causing reversion on ceasing to use the land for such purposes.

Cases cited and approved: Higbee v. Rodeman, 129 Ind., 244; Southern Presbyterian Univ. v. City of Clarksville, 259 S. W., 551; Murdock v. Mayor & Aldermen of Memphis, 47 Tenn., 483.

Cases cited and distinguished: Ramsey v. Edgefield & Kentucky R. R. Co., 3 Cooper Chancery, 175; Fitzgerald v. Modoc County, 164 Cal., 493.

FROM SHELBY

*Headnote 1., 35 Cyc, Schools and School Districts, p. 925.

Appeal from the Chancery Court of Shelby County.— HON. F. H. HEISKELL, Chancellor.

McLAIN & BEJACH, for appellants.

BUCHANAN & CAVETT, for appellees.

MR. JUSTICE HALL delivered the opinion of the Court.

Complainants filed the present bill in the chancery court of Shelby county against the Shelby county board

*For authorities discussing the question of reverter of land conveyed for school purposes, see note in 44 L. R. A. (N. S.) 1220.

of education, designated in the bill as the county school board.

The bill alleged that on or about January 15, 1895, complainants conveyed to the school directors of the Twelfth civil district of Shelby county, and to their successors in office, a certain tract of land situated in said Twelfth civil district of Shelby county, consisting of about one acre, and that they executed the deed to said lot or parcel of land for the consideration of $50, which deed contains the following provisions:

"The said lot being conveyed to the aforesaid school directors and their successors in office for public school purposes and for the exclusive use of white children."

A copy of said deed is filed as Exhibit A to the bill.

The bill further alleges that after the execution and delivery of said deed by complainants the school directors built a schoolhouse and maintained a school on said lot or parcel of land until they were removed by an act of the legislature, which act transferred their powers to the county board of education; that subsequently the county board of education maintained a school on said lot or parcel of land until within a few months before the filing of the bill in this cause, which was February 28, 1923; that a few months prior to the filing of the bill herein said school was closed and the property in question abandoned for school purposes; after which defendants advertised said lot for sale on March 1, 1923.

The bill denies the power and authority of defendants to sell and convey said lot, and alleges that, because of and on account of the abandonment of same for school purposes, the title to said lot reverted to the original owners, viz. complainants.

The bill prayed for an injunction enjoining and prohibiting the sale of said lot by defendants, and for a decree adjudging the title thereto in complainants, and for a writ of possession to put them in possession of the same.

To the bill defendants demurred upon two grounds:

(1) That so long as defendants used the proceeds of the sale of the lot or parcel of land in question for school purposes, and exclusively for white children, there can be no violation of any provision in the deed from complainants to defendants.

(2) That the land in question has in fact and in good faith been used for school purposes for many years, and that a discontinuance of said use does not work a forfeiture of the title of defendants thereto, nor prevent a sale of said property by defendants; there being no reversionary clause in the deed.

The chancellor overruled the demurrer, but allowed an appeal therefrom to this court, which was perfected, and defendants have assigned errors.

We think the decree of the chancellor is manifestly erroneous. The language of the deed from complainants to defendants provides at most only that the lot or parcel of land therein described is conveyed for public school purposes, and for the exclusive use of white children. Such expressions of purpose are not construed to create conditions. As said by Judge Cooper in *Ramsey* v. *Edgefield & Kentucky R. R. Co.,* 3 Cooper Chancery, 175:

"Such conditions when relied on to work a forfeiture, must be created by express terms or clear implication, and are construed strictly."

In *Fitzgerald* v. *Modoc County,* 164 Cal., 493, 129 Pac., 794, 44 L. R. A. (N. S.), 1229, where property was con-

veyed "to be used as and for a county high school ground and premises, for the county of Modoc, State of California," it was held that such a provision did not create a condition subsequent entitling the grantor to re-enter if the property is sold for other uses. The authorities are there fully reviewed, and the court concludes its opinion as follows:

"Whatever that actual intent may have been, it must have found adequate expression in the deed itself before it can be given either legal or equitable efficacy."

And also declared that: "Reciting in a deed that it is in consideration of a certain sum, and that the grantee is to do certain things, is not an estate upon condition, not being in terms upon condition, nor containing a clause of re-entry or forfeiture."

To the same effect is the rule announced in *Higbee* v. *Rodeman,* 129 Ind., 244, 28 N. E., 442, and in our own cases of *Southern Presbyterian University* v. *City of Clarksville* (Tenn.), 259 S. W., 551, and *Murdock* v. *Mayor and Aldermen of Memphis,* 7 Cold., 483.

It results that the decree of the chancellor will be reversed, and a decree will be entered here dismissing complainants' bill and permanently dissolving the injunction issued in said cause.

Complainants will be taxed with the costs of the cause.