Marshall, C. J.,
 

 dissenting. The statement in the majority opinion shows that the subject-matter of this controversy is a little frame church building, built 57 years ago, and to that statement might be added that it is located in a rural district, miles from any city or village, and at a prominent crossroads in Mercer county. This latter statement does not appear in the record, but it is the fact. Another fact not shown by the record, but of such common knowledge that it may be judicially noticed, is that churches are being centralized in much the same manner as schools. This little country chapel can no longer be supported, or- efficiently function, because the automobile has taken the worshipers over improved highways to more elaborate places of worship in cities and villages. When this church was built 57 years ago, a farmer who was .one of the members and principal financial supporters of the congregation conveyed a corner of his farm for a small consideration, and the
 
 habendum
 
 clause of the deed provided that the congregation might hold the property so long as it was used for church purposes. The parties evidently did not think it necessary to employ a lawyer to insert in the deed all the
 
 *321
 
 whereases and provisos which have come down to us from the feudal ages, but did state with great clarity and freedom from ambiguity, and in homely style, that which they all clearly understood then and clearlyuñderstand now entitled them to hold the land only so long as it was used for church purposes, and, upon any other use being made of same, that it should revert to the grantor and his heirs. This lawsuit began as a proceeding under the statute, instituted by the church society, to dispose of its interest in the property. In that petition we find the following statement: “Your petitioner desires to disband said church, to allow the real estate as above described to revert to the grantor aforesaid, his heirs or assigns, and desires to sell and dispose of the remaining property of said church,” etc.
 

 The 'trustees of the church desired to have no controversy about the land, and realized that they could not continue to hold the land without maintaining a church thereon, and doubtless further realized that, upon the property ceasing to be used as a place of worship, it would become subject to taxes and road assessments, and that they would be required to keep down noxious weeds, and otherwise prevent the property from becoming a public nuisance. They also realized that they could not even plant it in crops. The action of the trustees of the church was not a defense to a suit to recover upon a forfeiture, and the aid of a court of equity was not invoked for any such purpose. Being a small frame building 57 years old, far removed from populous centers, it must necessarily be of small value. If moved to a distant location, or if torn down to salvage the materials, it is matter of common knowledge
 
 *322
 
 that little value can be realized from such a building. The majority opinion and judgment, contrary to precedents in pleading and practice, adjudges the building to the church society by the circuitous method of declaring its title to land which it|, does not seek, and which it desires to surrender to the grantors. The maxim,
 
 non allegata non probata,
 
 has been thrown into the discard. The law on the subject of fixtures, declared in
 
 Teaff
 
 v.
 
 Hewitt,
 
 1 Ohio St., 511, 59 Am. Dec., 634, and followed ever since has become unsettled.
 

 During the last two or three decades there has been a notable tendency to develop the practical side of the administration of justice. The difficulty with this decision is that it reaches impractical results. Aside from the impractical outcome of the case, I find myself unable to concur in the legal propositions declared. This deed is a contract, and should be construed so as to carry out the intention of the parties. The parties having apparently agreed as to the intent of the contract this court should, in my opinion, reason from the standpoint of the parties, and not contrary to that upon which they have agreed and contrary to the intention of the contract as agreed upon by them. In support of the conclusions reached, a number of authorities have been cited in the.majority opinion, and I desire to discuss each of those authorities. « ». * ~ .. f
 

 The case of
 
 Raley
 
 v.
 
 Umatilla County,
 
 15 Or., 172, 13 P., 890, 3 Am. St. Rep., 142, involved a public charitable trust, and by the deed title was conveyed to trustees in trust for educational purposes. The deed contained a covenant in the warranty that the title would be defended by the grantor “against all
 
 *323
 
 claims whatsoever to the use and benefit of the parties of the second part, for the special use, and none other, of educational purposes* and upon which block shall be erected a college or institution of learning free from all sectional or political influence.”
 

 It was-claimed that the trustees were not carrying out the purposes of the trust. I quite agree that this constituted no ground of forfeiture. The trustees should have been compelled to execute the trust. That case involved nothing more thán a broken promise.
 

 In
 
 Faith
 
 v.
 
 Bowles,
 
 86 Md., 13, 37 A., 711, 63 Am. St. Rep., 489, there was involved a deed where one of the considerations expressed was “for a public schoolhouse as the property of the schools of said, county and for no other purpose, in fee.” It was held in that case, and properly, that, where the consideration in a conveyance does inure to the special benefit of the grantor, a failure of such consideration does not operate as a ground of forfeiture. There is a long line of authorities which hold that the mere expression of the purposes in the granting clause, or in the consideration clause, of a conveyance, does not constitute a condition subsequent. That case can have no bearing upon the instant controversy.
 

 In
 
 Barker
 
 v.
 
 Barrows,
 
 138 Mass., 578, a deed of conveyance to the inhabitants of the school district contained a granting clause, a warranty clause, and a
 
 habendum
 
 clause without condition or reservation. At the end of the description of the premises, there was added, “said lot of land to be used, occupied, and improved.by said inhabitants as a school-house
 
 *324
 
 lot and for no other purpose.” It was held that this meager description of the use to which the land should be put did not import a condition or in any way limit the legal estate granted by the terms of the deed.
 

 In
 
 Curtis
 
 v.
 
 Board of Education of City of Topeka,
 
 43 Kan., 138, 23 P., 98, a deed of conveyance to the members of the school board of a rural district contained the following recital of consideration: “In consideration of one dollar to them duly paid, have bargained and sold, and by these presents do grant and convey to the said parties of the second part, their successors in office, for the erection of a schoolhouse thereon, and for no other purposes,” etc. The district board conveyed the property to the city board in 1882, and the city board removed the schoolhouse and tried to sell its property, but later abandoned that plan, and was in the act of building a new schoolhouse on the property at the time the grantor commenced an action to recover possession. The property was never definitely abandoned for school purposes. The court had only to decide whether the transfer by the district board to the city board was a violation of the recital of consideration in the deed. Surely no reasonable court would have decreed a forfeiture under such circumstances. The last paragraph of the court’s opinion is very significant:
 

 “We think the property in controversy belongs to the school district of the city of Topeka, to be used for school purposes only. If it should ever be used for any other purpose, then any person injured thereby would have his action for damages, or his action to enjoin the parties from so using it;
 
 and
 
 
 *325
 

 possibly circumstances might occur or be brought into existence under which the courts tvould hold that the title to the property had been forfeited;
 
 but no such case is presented in the present action.”
 

 The only other cases cited in the majority opinion are decisions of the courts of this state.
 

 The case of
 
 Cincinnati
 
 v.
 
 Babb,
 
 4 O. D. (N. P.), 464, 29 W. L. B., 284, 11 Dec. Rep., 785, affirmed without opinion in
 
 Babb
 
 v.
 
 City of Cincinnati,
 
 55 Ohio St., 637, 48 N. E., 1110, seems to me to have nothing in common with the instant case. The deed in that case contained a strict clause of forfeiture and right of re-entry in the event the property should ever be used for any purpose other than church purposes. The city of Cincinnati, desiring to widen a street, appropriated a strip off of the lot, and the value of the strip taken was paid to the church and not to the grantor. That case could not have been put upon the ground of want of reverter or forfeiture clause, because all parties agreed that that clause was all that could be desired. It was particularly stated in the opinion that the “act of the law is, as to the involuntary grantee, a
 
 vis major
 
 as much as an act of Grod, of the grantor, or of a third person, and from the above principles and authorities it would seem to follow that performance of a condition subsequent, prevented by act of law, is excused equally as when defeated by providence or by the grantor.”
 

 In affirming that decision without opinion, this court declared nothing contrary to what the defendant in error contends for in the instant case.
 

 Watterson, Trustee,
 
 v.
 
 Ury,
 
 3 C. D., 171, 5 C. C., 347, affirmed without opinion in
 
 TJry
 
 v.
 
 Watterson,
 
 
 *326
 

 Trustee, 52
 
 Ohio St., 637, 44 N. E., 1149, is similarly without value.. A conveyance had been made of certain real estate in trust for charitable uses. In the granting clause it is recited, “grantee, his heirs and assigns forever as a burial ground for Roman Catholics.” In the warranty clause it is recited “to be held by such grantee in trust for the Roman Catholics of Columbus, Ohio.” The deed contained no words of technical forfeiture or re-entry. This mere statement of the use to which it should be put contained no possible words of limitation upon the title. The statement of the case shows that the authorities of the city of Columbus prohibited burials after a certain date, and thereupon the grantors sought to recover possession. As in the case of
 
 Cincinnati
 
 v.
 
 Babb,
 
 nothing had been done by the grantees to bring about a forfeiture, but whatever had been done was by public authority, where the grantee had no control whatever. It is true that in the opinion it was stated that the trustee holds an absolute estate in fee simple and that there could therefore be no abandonment which would be operative to vest the title in the defendants. This, however, must have been upon the very good and sufficient ground that the plaintiff had committed no act of forfeiture. Unfortunately this court did not in either of those cases render an opinion, and we are therefore unadvised as to the views of this court upon the subject-matter of the controversy in the instant case.
 

 The case of
 
 Village of Ashland
 
 v.
 
 Greiner,
 
 58 Ohio St., 67, 50 N. E., 99, is least of all an authority in support of the majority opinion. In that case the
 
 habendum
 
 clause in the deed contained.the recital, “said grantees nor their successors in office, shall
 
 *327
 
 not at any time nse or occupy the aforesaid premises for any other purpose or purposes than whereon to erect or build religious meeting houses or parsonages, and for cemetery or burying ground.” There were no other words of reversion or forfeiture. Later a street was located by the village upon a strip of said land 30 feet wide, for which the church trustees received a consideration of $500. Thereupon the grantors brought an action against the village for the recovery of the value of said strip of land. This case, like the two other cases, contained no element of any act on the part of the grantees in violation of any terms or conditions of the deed itself. The action was on the part of the public authorities, and the entire public was as much and possibly more interested than the church society itself.
 

 The case of
 
 Cleveland Terminal & Valley Rd. Co.
 
 v.
 
 State, ex rel.,
 
 85 Ohio St., 251, 97 N. E., 967, 39 L. R. A. (N. S.), 1219, has been cited. That case presented no difficult problem, because the conveyance had been made for
 
 street
 
 purposes and it was actually used for
 
 street and railroad
 
 purposes. And again the element of appropriation for public or
 
 quasi
 
 public use may have entered into the determination.
 

 The last case cited is that of
 
 City of Cleveland
 
 v.
 
 Herron,
 
 102 Ohio St., 218, 131 N. E., 489. In that case a number of conveyances had been made to the city of Cleveland for park purposes; said conveyances being of parcels of land contiguous to each other, and all made by the same grantor. In one of the conveyances there was a consideration of the sum of $3,000, and, in addition to that cash payment, a promise on the part of the municipal authorities to improve said tract in certain respects recited in
 
 *328
 
 the deed itself. This court very properly held that a broken promise would not void the deed, and more especially so because in that case there was no tender back of the $3,000 which had been paid, and large sums of money had been expended upon the property, and much had been done to make that particular piece of property conform to other contiguous purchases. It has never been held that a broken promise as a part of the consideration for the conveyance of real estate is a ground of forfeiture of the conveyance.
 

 Out of the multitude of cases on this subject the few cases cited in the majority opinion come the nearest to sustaining the position of those who contend for a strict interpretation, but surely those cases are not by any means sufficiently strong or harmonious to establish the rule. An examination of all the authorities on this subject shows that those cases which give a restricted meaning and application to words of limitation are cases where a trust has been created or a promise made as a part of the consideration, or where a portion or all of the property has been appropriated to public use, or where the description of the use is in such general terms that it will not create a condition, or where the recitals are contained in other parts of the deed than the
 
 habendum
 
 clause./fit is the purpose of the
 
 habendum
 
 clause to determine the interest granted and to limit the tenure of the,estate. The limitation in the instant case is found in the
 
 habendum
 
 clause. A deed, like any other contract, should be so construed as to effectuate the intention of the parties. It should not be necessary to employ technical language for this purpose. The courts in these latter
 
 *329
 
 days have been rpaking material progress toward the avoidance of technical terms and phrases. They have been industriously engaged for several decades in brushing aside the cobwebs which have been accumulating in real estate law and conveyancing since the feudal period, but once jn a while a case is found which deliberately hangs a few cobwebs in places where they did not exist before. We fear that this case must be placed in this classification. The great majority of cases on this subject treat limitations in the
 
 habendum
 
 clause as creating a determinable fee and such clauses are construed in accordance with the natural meaning of the language used. Where the intent of the parties is clear, any fair and reasonable implication from the language used should be given effect. Where reverter and forfeiture are implied, there is no necessity that those technical terms should be expressed. We find no well-considered authority which has refused to enforce the limitation on the mere and. sole ground that the terms “reverter” or “forfeiture” are omitted.
 

 Among the cases which hold that limitation upon the estate granted without technical words of revert-er or forfeiture constitutes a base or determinable fee, we will discuss only a few.
 

 Jamaica Pond Aqueduct Corp.
 
 v.
 
 Chandler,
 
 9 Allen (91 Mass.), 159, had under consideration a deed in which the
 
 habendum
 
 clause contained the statement, “his heirs and assigns, under the restrictions and reservations aforesaid, so long as said grantors shall keep pipes in his land, as aforesaid, and no longer.” This was held to convey a base or determinable fee. From the opinion, page 168, we quote:
 

 “The effect of this limitation is not to render the
 
 *330
 
 estate granted less than a fee, but only to render it, in legal phraseology, a base or determinable fee. This is defined to be ‘ An estate which may continue in one and his heirs forever, but which may come to an end or be determined by some act or event expressed on the limitation, to circumscribe its continuance.’ It is impossible, upon any sound rule of construction, to neglect the full and explicit language of the
 
 habendum,
 
 in the deed, or to give it any interpretation other than that which the words naturally and legally import,” etc.
 

 In
 
 Scheetz
 
 v.
 
 Fitzwater,
 
 5 Pa. St., 126, the deed conveyed a milldam site for the use and service of a mill, and for no other use whatever, without words of reversion or forfeiture. It was held that the grantee’s title to the soil of the millpond was a base fee, terminable on disuser as a pond, when it re-vested in the assigns of the grantor. At page 128 of the opinion it is stated:
 

 “But Emlen did not convey a fee-simple estate in that land. He conveyed a qualified fee, determinable on the abandonment by Lardner, his heirs or assigns, of the use and service for which the conveyance was made, as stated in his deed. And in conveying such limited fee, he retained the reversion in himself; and that he could permit to descend, or sell to others. To convey such limited fee, and to retain the reversion, was his intention, as the court collects it from his deed; and such intention of the grantor, when legal, is the governing principle in construing conveyances:
 
 [Hollingsworth
 
 v.
 
 Fry], 4
 
 Dall. [Pa.] 347 [Fed. Cas. No. 6,619, 1 L. Ed. 860];
 
 [Means
 
 v.
 
 Presbyterian Church],
 
 3 Watts & Serg. [Pa.] 303;
 
 Lessee of Hauer
 
 v.
 
 Sheetz],
 
 2 Bin. [Pa.] 537, 544.”
 

 
 *331
 
 In
 
 State
 
 v.
 
 Brown,
 
 27 N. J. Law, 13, a deed conveyed certain premises “as long as used for a canal.” It was held:
 

 “By the terms of the conveyance, the grantees take a qualified fee, liable to be defeated whenever they cease to use the land for the purpose specified in the grant. 1
 
 Inst.,
 
 1.
 
 b.,
 
 27
 
 a;
 
 1
 
 Cruise,
 
 79,
 
 tit.
 
 1, Section 82, 2
 
 Bl. Com.
 
 110.”
 

 In
 
 Kirk
 
 v.
 
 King,
 
 3 Pa., 436, land was conveyed “to the employers of a certain school,” to hold the same for an English schoolhouse and no other purpose. It was held that the discontinuance of the school for seven years raised a legal presumption of abandonment ; and this abandonment being irretrievable, the vendee had a right to enter.”
 

 To the same effect is
 
 Stilwell
 
 v.
 
 Melrose,
 
 15 Hun (N. Y.), 378.
 

 In addition to the foregoing cases, we find that this court has thrown some light upon this question.
 

 In
 
 Sperry
 
 v.
 
 Pond,
 
 5 Ohio, 387, 24 Am. Dec., 296, a deed conveyed premises to be enjoyed and occupied by the grantee, his heirs and assigns, “so long as he, the said Clark, his heirs and assigns, shall keep'a sawmill and gristmill doing business on the premises, allowing, however, all necessary time for repairs, and no longer.” It was held that when the grantee failed to perform the condition he had forfeited the estate. The deed contained no words of reversion or forfeiture. The conveyance was made upon a consideration of $150 for one acre of land. It appears therefore to have been given upon a full and adequate consideration. This is a very clear and a very definite authority on behalf of the defendant in error, and it has never been overruled,
 
 *332
 
 distinguished, or even criticized by the later decisions of this court. The majority opinion distinguishes this case from the instant case by the words “and no longer.” Would a lease containing a
 
 habendum
 
 “for the period of three years”'be construed differently from a lease “for the period of three years
 
 and no longer”? $
 

 In
 
 Board of Education of Village of Van Wert
 
 v.
 
 Inhabitants of Town of Van Wert,
 
 18 Ohio St., 221, 98 Am. Dec., 114, the proprietors of land outside the incorporated village of Van Wert dedicated two specified lots “for school purposes, and on which to erect schoolhouses.” At a later date those premises became unsuitable for school purposes by reason of the nearness of a railroad. A court of equity was invoked to permit the lots to be sold, and the proceeds of the sale to be applied to the purchase of other real estate suitable for the erection of schoolhouses. Upon demurrer to the petition, it was held:
 

 “1. That the dedication was for a specific use, and conferred no power of alienation so as to extinguish the use.
 

 “2. That if the use created by the dedication were abandoned, or should become impossible of execution, the premises would revert to the dedicators or their representatives, and that, without their consent, they could not be divested of their contingent right of reversion by an absolute alienation.”
 

 While this case is not parallel to the instant case, it is at least significant that, although there were no words of reversion, the court did not permit the real estate to be used for purposes other than that to which it was dedicated.
 

 Another case not clearly in point, but which is at
 
 *333
 
 least significant, is that of
 
 Taylor
 
 v.
 
 Binford,
 
 37 Ohio St., 262. Land was conveyed to a board of education, its successors and assigns, for the use of school purposes only. The deed contained no words of reversion or forfeiture. The board of education desired to change the schoolhouse site and to sell the house and lot. The property was actually sold at public auction. After stating the views of counsel on both sides, the court held that the board by the terms of the grant had a right to make a sale and that the mere fact of making a sale was not grounds of forfeiture. The opinion closed with the following statement:
 

 “We will assume, without, however, so deciding, that the grant is upon condition, the breach of which would work a forfeiture. Has the condition been broken? Surely not, by the sale to plaintiff. The estate conveyed was a fee, and of this estate the right to assign is an essential incident. Indeed, by the terms of the instrument the estate is expressly made assignable, the grant being to the board ‘its successors
 
 and assigns
 
 forever.’ The mere fact of a sale, therefore, would be no breach of the condition, in the absence of a showing that the grantee diverted the land to other than school purposes only; and this fact nowhere appears.”
 

 In that case the court could very easily have disposed of the entire controversy by holding that, by reason of the omission of words of forfeiture or reversion, the plaintiff could not recover. By putting the decision upon the other grounds, and by its assumption that a breach would work a forfeiture, we may easily assume that the court was at least not overruling the case in the Fifth Ohio Report.
 

 
 *334
 
 We are of opinion, therefore, that the authorities cited in the majority opinion do not establish the rule stated in the syllabus, and we are also of the opinion that the cases herein cited clearly establish the contrary.
 

 It is suggested in the majority opinion that the bringing of the suit by the church indicates an understanding upon the part of the church society that the building, when erected, was not to become a part of the realty. This is surely unsound. A petition is in no sense evidence in support of the cause of action. This statement is a parallel to the argument of the juror that the accused must be guilty, else he would not have been indicted. The action of the members of the present board of trustees in bringing this suit can in no sense reflect an understanding of their predecessors of 57 years ago.
 

 Their action in bringing the suit is in the nature of self-serving conduct. The true deduction is that, by reason of their disclaimer of any title to the land, and their expression of a desire to allow it to revert, their action against interest should be accepted as an interpretation of the contract by the parties which relieves the court of any duty.
 

 The quotation from the editor of L. R. A., as found in
 
 44
 
 L. R. A. (N. S.), 1222, is not borne out by the cases cited by him, nor by any other authorities to be found anywhere.
 

 ^The majority opinion states: “The deed contains no’'words which indicate an intention that if the grantee omitted to use the estate for church purposes, the same should thereupon be forfeited, and should revert to the heirs of the grantor.”
 

 This can only be so if no effect whatever is given
 
 *335
 
 to the words of limitation found in the
 
 habendum
 
 clause.
 

 It is true that conditions subsequent are strictly construed, but they are not disregarded altogether. This deed, strictly speaking, does not contain a condition subsequent. The
 
 habendum
 
 clause creates a determinable fee, and such an instrument is not strictly construed.
 

 The lower courts awarded the church building to the church society on the ground that it was a trade fixture. That theory is repudiated by this court, and it follows indisputably that it is an ordinary fixture and a part of the realty. Upon no sound principle of law can it be severed. It is unfortunate that this case has been disposed of upon grounds which were not pleaded or argued.
 
 J f-.