[Civ. No. 3766. Fourth Dist. Apr. 29, 1949.]

SIDNEY S. BERAN et al., Appellants, v. DOYLE ALVIN HARRIS et al., Respondents.

N. Lindsay South for Appellants.

Matt Goldstein for Respondents.

MUSSELL, J.—This action was brought to compel defendants to reconvey to plaintiffs a certain lot in the county of Fresno, or in the alternative, for a permanent injunction restraining defendants from using the property for any purpose except a service station and residence.

On January 1, 1947, an option was given by plaintiff Sidney S. Beran to defendant Doyle A. Harris for the purchase of the property which is the subject of this action. The option contained, among other things, the following provisions:

"Building Setbacks: Permanent residence must be set back sixty (60) feet from center of road right of way, and must contain at least six hundred (600) square feet of floor space. Temporary residences must be set back one hundred (100) feet from center of road right of way. Tents or house trailers are not to be used for purpose of living quarters. Property to be used for residential & service station only." It also contained the further provision that "If restrictions or reservations are violated within twenty-five (25) years from date, property reverts to seller."

On February 14, 1947, plaintiffs executed and delivered to defendants a grant deed in the usual form, conveying the property in question without restrictions with respect to any building setbacks. The only named restriction set forth in the deed was that for 50 years the property could not be used or occupied by any other than the white race. After a recital

therein that the property was subject to certain taxes, the following sentence appears: ''Property to be used for residence and service station purposes only.''

It was admitted by the defendants that they used the premises purchased by them, not only as a residence but also for the sale of automobile parts, prepared food, beer, soda water, milk and bread, and for the repair and lubrication of automobiles.

### The Option Agreement

An option has been defined as an agreement by which an owner invests another with the exclusive right to buy certain property at a stipulated price, within a limited time (*Tufts* v. *Mann*, 116 Cal.App. 170, 178 [2 P.2d 500]). As was said in *Bruce* v. *Mieir*, 120 Cal.App. 287, 289-90 [7 P.2d 1037] : ''An option is something that means what the term implies—its terms may or may not be complied with at the election of the optionee. If the terms be complied with, the optionee has rights that he or his assignee may enforce, but if he elects not to comply, the optionor may not compel compliance with its terms.'' An option contract relating to the sale of land is therefore not a sale of the property but is a sale of the right to purchase. (*Warner Bros. Pictures* v. *Brodel*, 31 Cal.2d 766, 772 [192 P.2d 949, 3 A.L.R.2d 691].)

In the instant case, by the execution and delivery of the deed conveying the property, the option agreement became a nullity and the deed became the measure of the rights of the parties. It is the final and exclusive memorial of the rights of the parties. (*Wing* v. *Forest Lawn Cemetery Assn.*, 15 Cal.2d 472, 479 [101 P.2d 1099, 130 A.L.R. 120].) No setback restrictions were incorporated in the deed, or referred to therein, and plaintiffs may not enforce such restrictions. Moreover, the evidence of a violation of the setback restrictions was very meager and at the most produced a conflict which was resolved by the court in favor of the defendants and his ruling can not be disturbed on appeal. (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 606 [197 P.2d 550].)

### Restrictive Provisions of the Deed

The remaining question is the effect of the provisions of the deed that the ''Property is to be used for residence and service station purposes only.''

To create a condition in a grant, apt and appropriate words must be appended importing that the vesting or continuance of the estate is to depend upon the condition

(*Streicher* v. *Heimburge,* 205 Cal. 675, 684 [272 P. 290]) and it is fundamental that conditions subsequent tending to restrict and defeat an estate are not favored. (*Buttram* v. *Finley,* 37 Cal.App.2d 459, 469 [99 P.2d 1093].) The use of the words, such as "upon the express condition that" have been held to be appropriate to create a condition subsequent. (*Victoria Hospital Assn.* v. *All Persons,* 169 Cal. 455 [147 P. 124].) And likewise evidence of the intention to create a condition subsequent is found in a provision for forfeiture and right of reentry or power of termination. (*Rosecrans* v. *Pacific Elec. Ry. Co.,* 21 Cal.2d 602, 605 [134 P.2d 245].)

In the deed before us, no appropriate words are used to show an intention to create a condition subsequent. The only so-called restriction is as to occupancy by those not of the white race, no power of termination is stated and no right of reentry is given.

In *Fitzgerald* v. *Modoc County,* 164 Cal. 493 [120 P. 794, 44 L.R.A.N.S. 1229], the plaintiff made a deed conveying real property to the county of Modoc. Immediately following the description of the property in the deed, the following clause appeared : "To be used as and for a county high school ground and premises, for the County of Modoc, State of California." In discussing the effect of such a clause the court there said :

" 'Reciting in a deed that it is in consideration of a certain sum, and that the grantee is to do certain things, is not an estate upon condition, not being in terms upon condition, nor containing a clause of re-entry of forfeiture.' (2 Washburn on Real Property, 4, 8; *Cullen* v. *Sprigg,* 83 Cal. 56 [22 P. 222].) Of course, where the language employed declares a condition and imports a forfeiture, a clause of re-entry is not necessary. (Citing cases.) Under no decision of this or any other court, within our knowledge, has language such as is here used ever been construed to create a condition subsequent. At least it is but a declaration of the purpose for which the grantor expected the land would be used."

We conclude that no condition was created by the words used in the instant case, and that the findings of the trial court that the option agreement was superseded by the deed, and that the provisions of the deed attempting to restrict or restrain the use of the premises by defendants are void and unenforceable, are sustained by the evidence.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.