[Civ. No. 4706. Fourth Dist. June 16, 1953.]

A. W. PURDY, Respondent, v. LEONARD E. CARLSON et al., Appellants.

Launer, Chaffee & Launer and Walter B. Chaffee for Appellants.

Blodget & Blodget for Respondent.

MUSSELL, J.—This is an appeal by cross-complainants from portions of a judgment rendered against them in an action involving the interpretation of option clauses in two leases executed by the parties.

The record consists of a settled statement on appeal. It appears therefrom that in August, 1947, plaintiff Purdy leased two parcels of real property in Orange County to the defendants. The lease on the parcel described as the "Wilshire property" contained the following provision:

"It is further understood and agreed by and between the parties hereto that the lessee shall have the option, at any time during the first three years of this lease or during any extension thereof, to purchase said premises as hereinafter specified for lawful money of the United States; the price thereof is to be not less than Twenty Thousand Dollars, and if, at the time of the exercise of the option said real estate value is greater, Lessee shall have a first refusal to purchase said real property in the event Lessor should desire to sell the same, and in such event, Lessor shall notify Lessee in writing of the terms and conditions of any bona fide offer to purchase said real property by any third person, and thereafter for a period of ten days Lessee shall have an option to purchase said real property upon such terms and conditions. The net rent paid in excess of upkeep, interest and taxes shall be credited on purchase price."

The lease on the second parcel, known as the "Spadra property," contained an option provision identical with the quoted provision in the "Wilshire property" lease except for the amount set forth therein, which was $35,000.

The trial court found that both leases had been renewed to July 31, 1953, and were in full force and effect; that a controversy existed between the parties as to the meaning of the option provisions of said leases and concluded that the said option provisions should be construed to mean that plaintiff is under no obligation whatsoever to defendants to sell said premises unless plaintiff desires to sell the same; and that in the event plaintiff desires to sell the premises, he must offer to sell the same to defendants at a price equivalent to the highest bona fide offer that he can obtain from any third party.

The judgment provided, in part, that defendants (cross-complainants) under the terms and provisions of said leases have no option to purchase either of the parcels of real property involved except as follows: That in the event cross-defendant (plaintiff) desires to sell said premises during the term of said leases, he shall not sell the same without having first offered to sell them to cross-complainants at the highest bona fide offer that cross-defendant is able to obtain from any

third party. This appeal is from this provision of the judgment and the sole issue here involved is, as stated by appellants, "Does the option clause give the Carlsons an absolute option to purchase the property regardless of Purdy's desire to sell, or does it merely give the Carlsons the right to purchase only in the event that Purdy desires to sell?"

The question of the interpretation of the option clauses in these leases is one of law and as stated by appellants, no factual controversy was presented to the trial court. Our conclusion is that the trial court correctly interpreted the questioned provisions of the leases. The option clause in each of the leases is contained in one paragraph heretofore quoted and its provisions must be read together to determine its meaning. (*Falkenstein* v. *Popper,* 81 Cal.App.2d 131, 133 [183 P.2d 707].)

Since both option clauses are the same except as to the sum named therein, we shall refer only to the provisions of the "Wilshire" lease.

In the first sentence of the option clause of the "Wilshire" lease we find the following provision: "It is further understood and agreed by and between the parties hereto that the lessee shall have the option, at any time during the first three years of this lease or during any extension thereof, to purchase said premises *as hereinafter specified* for lawful money of the United States." (Emphasis ours.) The words "as hereinafter specified" clearly indicate that the remaining portions of the paragraph limit and prescribe the terms of the option. Continuing—"the price thereof is to be not less than $20,000.00." This provision does not fix any definite price to be paid in the event of the exercise of the option. An option has been defined as an agreement by which an owner invests another with the exclusive right to buy certain property at a stipulated price, within a limited time. (*Beran* v. *Harris,* 91 Cal.App.2d 562-564 [205 P.2d 107].) Under the remaining terms of the paragraph, the stipulated price can only be determined in the event that the lessor should desire to sell the property. In the event that the lessor obtained a bona fide offer to purchase by a third party, lessees have an option to purchase for a period of 10 days at the price contained in such offer submitted by such third party.

It seems clear to us that the clause involved does not give the lessees an unconditional option to purchase the property for the sum of $20,000; that the option is expressly conditioned upon the lessor's desire to sell, in which event he is

entitled to determine the price to be paid for the property by a bona fide offer made therefor by a third party. Lessee was then given 10 days' notice to meet the price thus established.

Several letters exchanged between the parties are set forth in the settled statement. However, the agreement speaks for itself and the letters do not contain any modification of its terms. The settled statement shows that in November, 1951, Purdy brought suit against the Carlsons for declaratory relief, to quiet title to the property conveyed by the leases herein and for unlawful detainer. The Carlsons filed a cross-complaint for declaratory relief with respect to the clauses in the leases relating to the options to purchase. A trial was had on March 19, 1952, and no appeal was taken by Purdy from the judgment therein rendered in favor of the Carlsons with respect to the issues raised by Purdy's complaint.

It is further set forth in the settled statement that the sole issue on appeal is the correctness of the trial court's ruling on the Carlsons' cross-complaint. We conclude that this issue was properly decided by the trial court.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.